LAWRENCE A. FACCENDA, Admr. *vs.* RHODE ISLAND COMPANY.

JULY 8, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Requests to Charge.   Trial.*

Where the issues in a case are few and simple, the instructions upon the law applicable to the case to be of value to the jury should be clear and concise, and the court condemn the action of counsel in such an action in offering forty eight requests to charge involving argumentative, involved, complex and some improper requests for instructions; especially in a case where there had been a comprehensive charge.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff and overruled.

PER CURIAM. This is an action of trespass on the case brought under the provisions of the statute by the plaintiff as administrator of the estate of his father Carmine Faccenda, to recover damages for the death of said Carmine Faccenda alleged to have been caused by the negligence of the defendant and its servant.

The case was tried before a justice of the Superior Court, sitting with a jury, and resulted in a verdict for the defendant. Said justice denied the plaintiff's motion for new trial and the case is before us upon the plaintiff's exception to the decision of said justice on his motion for new trial and upon the plaintiff's exceptions to certain rulings of said justice made in the course of the trial.

The plaintiff's claim is that on December 28, 1911, while the deceased, Carmine Faccenda, was a passenger on one of the electric cars of the defendant, because of the defective condition of the electrical mechanism or appliances on said car, fire and smoke enveloped the front portion of said car, terrifying the deceased, Carmine Faccenda, and causing him to jump from the rear platform of said car to the street, whereby said Carmine received fatal injuries. The defendant sought to explain the occurrence and claimed that the presence of the smoke and flame in the front part of said car was consistent with due care on the defendant's part. It produced evidence in support of its contention that the trouble was caused by the breaking of a brush-holder spring in one of the motors on said car and that proper inspection had failed to disclose the latent defect in said spring which caused it to break. It thus became a material issue in the case as to whether the defendant had used proper methods in inspecting the motors on said car, including the brush-holder springs, and whether the breaking of the spring could have been avoided by inspection. The justice presiding, upon the defendant's request, properly directed the jury, over the exception of the plaintiff, to return a special finding on the question, "Could the trouble which caused the breaking of the spring have been avoided by any reasonable and practical inspection?" To this question the jury answered, "No." Upon the issues in the case the evidence was conflicting, though from an examination of the transcript it appears to us decidedly to preponderate in favor of the defendant. The jury's verdict has been approved by the justice presiding and we find no error in his decision.

We have examined the numerous exceptions taken to rulings of the justice made in the course of the trial upon the admission of evidence, and upon other matters, and the plaintiff's exceptions to the charge of said justice. We find no merit in any of them.

At the close of the case the plaintiff presented to the justice forty-eight requests for instructions to the jury, most of which said justice refused to give and the plaintiff has insisted before us upon his exceptions to these refusals of the justice.

These forty-eight requests cover sixteen pages of the transcript. Some are argumentative, others are involved and complex, and still others, if given, would improperly invade the province of the jury. In so far as they correctly state legal principles applicable to the case they are, in more involved and less suitable form, merely a repetition of instructions contained in the general charge of the justice. If said justice had given these sixteen pages of instructions to the jury, aside from the erroneous nature of some of them, he would have subjected himself to the just criticism of confusing the jury by the prolixity of his charge. We most strongly condemn the action of counsel in presenting this unreasonable number of unnecessary requests. Although the trial lasted for a long time, apparently an unnecessarily long time, the issues were few and simple; and the instructions upon the law applicable to the case, to be of value to the jury, should have been clear and concise. Of such a nature was the comprehensive charge of the justice presiding. The preparation of this mass of useless requests for instructions indicates a misconception on the part of counsel as to the true purpose of a charge, which is to enlighten the minds of the jury.

All of the plaintiffs exceptions are overruled. The case is remitted to the Superior Court with direction to enter judgment for the defendant upon the verdict.

*John P. Brennan, Thomas W. Gilchrist,* for plaintiff.
*Alonzo R. Williams, Charles A. Kiernan,* for defendant.