Louis Najjar *vs.* Ida Horovitz.

Rose Najjar *vs.* Same.

April 20, 1934.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J.   These two actions of trespass on the case for negligence are brought separately by a husband and wife to recover damages resulting to each from injuries to the wife.   The trial of the cases together in the Superior Court resulted in verdicts for the defendant and the cases are here on plaintiffs' exceptions to rulings made in the course of the trial and to the denial of their motions for a new trial.

The injuries were caused by a collision between two automobiles at the intersection of Pawtucket and Newport avenues in the town of East Providence.   At the time of the accident the defendant was operating one of these automobiles and the plaintiffs—who are son-in-law and daughter of the defendant—were riding therein as guests of the defendant.   The evidence showed that the parties lived together as one family.   On the day of the accident it was decided to take the defendant's niece, who was visiting the family, by automobile to Newport and back. The accident happened in the evening while they were returning; defendant, her husband and her niece rode on the front seat and plaintiffs occupied the rear seat.

The actions were defended by an insurance company which had issued to the defendant a liability policy on the automobile.   The trial justice, as well as counsel for the insurance company, was strongly of the opinion that defendant failed to cooperate with the company in the defense of the actions.   For this reason the court properly

allowed counsel for the insurance company to cross-examine the defendant. There was evidence tending to show that both the defendant and the operator of the other automobile were negligent. The trial justice was evidently of the opinion that the negligence of the mother was imputable to the daughter.

As one reason for denying the motions for a new trial the trial justice stated: "There was evidence of a common enterprise here, in my opinion, because all of these people lived in a common household, all apparently had the common use of this automobile and all had combined and agreed that they should go to Newport for the purpose of entertaining a certain young lady."

The rule as to joint enterprises as stated in 20 R. C. L. 149 was quoted with approval in *Lucey* v. *Hope & Sons*, 45 R. I. 104-105, as follows: " 'If two or more persons unite in a joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect to the control of the means or agencies employed to execute such common purpose, the negligence of one in the management thereof will be imputed to the others. Accordingly it has been held that where two parties are engaged in a joint enterprise in operating an automobile, the contributory negligence of one will bar a recovery by either, if it is a matter within the scope of the joint agreement.' "

In *McGinley* v. *Winters*, 166 Atl. (N. J.) 166, the court stated: "The theory of the law which makes each person engaged in a common purpose at the time of an injury resulting from the negligence of some outside person responsible for the negligence of any one of his associates contributing to the injury is that each was the agent of the other and was responsible for the consequences resulting from the acts of the other or any of them. . . . To constitute a common or joint enterprise within the rules as to imputed negligence, there should be a joint interest or community of interest in the object or purposes of the undertaking, and an equal right to direct and govern the

movements and conduct of each other in respect thereto. Each must have some voice and right to be heard in its control and management, and the mere fact that two persons are doing something together does not make each chargeable with the negligence of the other, nor does the mere fact that they have certain plans in common."

In *Noel* v. *Lapointe*, 164 Atl. (N. H.) 769, it was held that, although the guest contributed to the cost of gasoline, the parties were not engaged in a joint enterprise. The court quoted with approval from 16 Cornell Law Quarterly, 325, as follows: "By the decided weight of authority two elements must appear in order to constitute a joint enterprise. There must be both (1) a community of interest in the object of the trip and (2) a mutual right in the occupants to direct each other in relation to the management of the vehicle. The circumstances must be such that it can be said that the vehicle is in their common possession."

We find no evidence tending to show that the mother, while operating the automobile, was in any manner acting as the agent of the daughter. It does not appear that the daughter had any financial interest in the automobile or contributed anything toward the expense of its upkeep or operation or was entitled to have any "voice and right to be heard in its control or management."

Although the trial did not continue over two days and the issues were few and simple, counsel for plaintiffs presented twenty-five requests for instructions, only two of which are worthy of consideration. Some were repetitive, others argumentative and otherwise improper, and, had the remainder been given as a whole, the result would in all probability have confused rather than aided the jury. This court, in *Faccenda* v. *R. I. Co.*, 43 R. I. 199, and in *Williams* v. *Allen*, 44 R. I. 14, strongly disapproved of such practice.

Plaintiffs have an exception to the refusal of the court to grant requests to charge as follows: (22) The daughter had the same rights, as guest passenger in the automobile, as anyone else of no relationship to the owner of the automobile; (23) The defendant as owner and operator of the

automobile owed the same duty to her daughter as to a non-relative riding as guest. There being no evidence that the parties were engaged in a "joint enterprise," said requests should have been granted. The exception to the refusal to grant these requests is sustained.

All other exceptions are overruled and each case is remitted to the Superior Court for a new trial.

*Morris Berick,* for plaintiffs.

*Frederick A. Jones, Martin M. Selverston,* for defendant.