For plaintiffs: Philip V. Marcus, McGovern & Slattery.

For defendant: William A. Gunning.

Rose Najjar
vs.
Ida Horovitz
} Law No. 89756

April 4, 1935.

CURRAN, J. Heard on defendant's motion for a new trial after verdict for plaintiff for $750 in an action of trespass on the case for negligence of defendant causing personal injuries to plaintiff. The motion is grounded on the claims that the verdict is against the law, against the evidence and the weight thereof, against the law and the evidence and the weight thereof, and that the damages are excessive.

The defendant is the plaintiff's mother. It appeared that in the late afternoon or early evening of August 21, 1932, the defendant drove her motor car from Newport to the junction of

Pawtucket and Newport Avenues in East Providence, on her return journey from Newport where defendant, her husband—who is the plaintiff's father —a cousin of the plaintiff, and the plaintiff and her husband had gone for an outing. All were in the defendant's car, the plaintiff and her husband sitting on the rear seat and the others on the front seat, the defendant operating the car. Another motor car was approaching from Newport Avenue onto Pawtucket Avenue as the defendant came to the intersection.

There is a conflict in the evidence as to whether the other car came to a stop or continued in motion up to the time of the collision between the motor cars which occurred at this point. It is testified to by nearly all the witnesses— the plaintiff, her husband, the cousin (whose testimony was taken by deposition) and defendant's husband—that defendant entered the intersection at a rate of speed of about thirty miles per hour. Under the circumstances the evidence was ample to fasten negligence on defendant and there could be no question of contributory negligence on the part of the plaintiff as she was asleep and resting on her husband's shoulder at the moment of the accident. There was a claim on the part of defendant that the parties were engaged in a joint enterprise, as a result of which the negligence of defendant was attributable to the plaintiff.

The ruling on this point in the Supreme Court in this case (*Najjar* vs. *Horovitz*, 54 R. I. 224, 172 Atl. 255, April 20, 1934) was laid down in the instructions to the jury and the Court is satisfied that their finding that there was no joint enterprise was correct. The evidence bearing on this point was meagre almost to barrenness. The finding of negligence in the defendant was justified.

If this were the only question in the case, it might be disposed of without further discussion.

The owner of the other car involved in the collision had, after the commencement of the present suit, paid the plaintiff $400 on account of her injuries for which the present suit was brought. The jury were instructed, in case they found for the plaintiff, to ascertain her total damages and to deduct $400 from the sum so found and to bring in a verdict for the balance, if any. Under these instructions the verdict is the equivalent of finding for the plaintiff that her damages were $1150. These consisted principally of a nervous shock, a miscarriage of a three months' foetus, and injury to the crest of the ilium, which an X-ray, showed at the trial, disclosed was chipped by the separation of a piece of bone about the size of a cent. The ligament attached to the chip of the bone which was separated or broken was also strained. The plaintiff was in the hospital four days. Her back was strapped up with adhesive tape; she was confined to her bed for five weeks and for a considerable time afterwards was unable to do her housework or to follow her usual occupation at which she earned from $8 to $10 per week on an average.

The question of liability being determined in favor of the plaintiff, we think the amount of the verdict reasonable.

Motion for a new trial denied.

For plaintiff: Morris Berick.

For defendant: Frederick A. Jones, Selverston.