Muriel NICHOLA and Thomas P. Nichola

v.

JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY and
Jules B. Voyer.

No. 81–387–Appeal.

Supreme Court of Rhode Island.

Feb. 17, 1984.

Frederic C. Crowley, Pawtucket, for plaintiffs.

David P. Whitman, Seth Bowerman, Hanson, Curran & Parks, Providence, for defendants.

## OPINION

**BEVILACQUA, Chief Justice.**

This is an appeal by the plaintiffs from a trial justice's grant of summary judgment in favor of the defendants. On appeal, the plaintiffs present three issues: (1) whether the trial justice erred in refusing to consider the plaintiffs' affidavit and memorandum in support of their objection to summary judgment, filed on the hearing date of the defendants' motion; (2) whether the trial justice erred in denying the plaintiffs' motion to vacate due to the pendency of a previously filed appeal; and (3) whether the trial justice incorrectly entered summary judgment in favor of the defendants.

The plaintiffs, Muriel and Thomas Nichola, were the named beneficiaries on a $5,000 life insurance policy issued to plaintiffs' son, Thomas P. Nichola, Jr., by defendant, John Hancock Mutual Life Insurance Company (John Hancock). The defendant Jules Voyer, an agent of John Hancock, sold the policy to plaintiffs on May 8, 1967. The plaintiffs' son was killed in an automobile accident on May 16, 1973. As beneficiaries, plaintiffs submitted a death claim to John Hancock in early July 1973. On July 11, 1973, plaintiffs were notified by John Hancock that their son's life insurance coverage had expired on February 22, 1973, and that their claim was being denied. No premiums were paid on the policy after April 8, 1972.

The plaintiffs subsequently instituted suit in Superior Court seeking payment under the policy, alleging a willful refusal to pay. The defendants filed a motion for summary judgment on November 17, 1980, designating December 2, 1980, as the hearing date. In support of their motion, defendants filed a memorandum in which they claimed that because the insurance policy on the life of Thomas P. Nichola, Jr., had surrender value, the policy was in full force as extended term insurance for a period of 288 days beyond the date on which the final premium was paid. However, defendants stated that this extension of the policy merely had the effect of keeping it in full force until February 22, 1973, three months short of Thomas's death.

After plaintiffs requested and were granted four continuances, the motion was finally heard on March 31, 1981. The plaintiffs did not attempt to introduce an affidavit and memorandum in opposition to defendants' motion for summary judgment until the day of the hearing. Citing Rule 56(c) of the Superior Court Rules of Civil Procedure, the trial justice refused to consider plaintiffs' affidavit and memorandum, claiming that they were untimely filed. The trial justice granted defendants' motion for summary judgment. Subsequently, plaintiffs appealed and also filed a motion to vacate pursuant to Rule 60(b). The trial justice dismissed the motion to vacate due to the pendency of the appeal.

## I

Rule 56(c) provides that on a motion for summary judgment "[t]he adverse party prior to the day of hearing may serve opposing affidavits." While we have not previously addressed the time requirements necessitated by Rule 56(c), we are guided by federal decisions construing Fed.R.Civ.P. 56(c). *See Jones v. Menard,* 559 F.2d 1282, 1285 n. 5 (5th Cir.1977); *Beaufort Concrete Co. v. Atlantic States Construction Co.,* 352 F.2d 460, 462 (5th Cir.1965). The two rules are identical in all respects. In *Beaufort,* reviewing a similar factual situation, the United States Court of Appeals for the Fifth Circuit held that Fed.R.Civ.P. 56(c), should be read in conjunction with Fed.R. Civ.P. 6(b) which gives the court discretion where cause is shown to enlarge the time for doing "any act required or allowed to be done at or within a specified time * * *." *Id.* at 462–63. The court in *Beaufort* found that it was within the discretion of the District Court justice to admit the affidavits. *Id.* at 463. On review, we consider whether the trial justice abused his discretion.

The plaintiffs had ample opportunity prior to the day of the hearing to submit an affidavit and memorandum in opposition to defendants' motion for summary judgment. At plaintiffs' request they were granted four continuances, resulting in the motion not being heard until March 31, 1981. The plaintiffs thus had approximately four and one-half months during this time to submit an affidavit and memorandum in opposition. Despite this delay, plaintiffs failed to submit an affidavit and memorandum until the very morning of the hearing date. We therefore conclude that it was not an abuse of discretion to refuse to consider plaintiffs' affidavit and memorandum.

## II

Next, we must consider whether the trial justice erred in denying plaintiffs' motion to vacate. Following the trial justice's granting of defendants' motion for summary judgment, plaintiffs filed a motion to vacate on April 16, 1981, under Rule 60(b). The plaintiffs contended that there was excusable neglect that warranted vacation of the judgment. Subsequently, plaintiffs' appeal was docketed on April 20, 1981. The motion to vacate was heard on May 26, 1981. The trial justice denied the motion based on the pendency of the appeal.

Rule 60(b) provides the Superior Court with a mechanism for "reliev[ing] a party or his legal representative from a final judgment, order, or proceeding" for several specific reasons, including excusable neglect. *See Bendix Corp. v. Norberg,* R.I., 404 A.2d 505, 506 (1979); *Douglas Construction and Supply Corp. v. Wholesale Center of North Main Street, Inc.,* 119 R.I. 449, 452, 379 A.2d 917, 918 (1977). Generally, however, Rule 60(b) is not intended to constitute a substitute for an appeal, nor does it provide an alternative method of appellate review. *Yankee Investments, Inc. v. Efco Manufacturing, Inc.,* 101 R.I. 602, 606, 225 A.2d 793, 796 (1967); 3 Barron and Holtzgoff, *Federal Practice and Procedure* § 1322 at 392 (2d ed. 1966).

Consistent with this approach, we must conclude that once plaintiffs' appeal was docketed, they were precluded from having their motion to vacate considered since the Superior Court no longer retained jurisdiction to consider plaintiffs' motion to vacate under Rule 60(b).[1] *See Cavanagh v. Cavanagh,* 119 R.I. 479, 485–86, 380 A.2d 964, 968 (1977). The trial justice, therefore, did not err in denying plaintiffs' motion.

## III

Finally, we must consider whether the trial justice properly granted defendants' motion for summary judgment. Summary judgment should be granted only if an examination of all of the pleadings, affi-

---

1. The plaintiffs could have filed a motion to remand in the Superior Court for the purpose of having their motion to vacate considered. They failed to file such a motion.

davits, admissions, answers to interrogatories, and other materials viewed in the light most favorable to the party opposing the motion, reveals no genuine issue of material fact. *Estate of Bassett v. Stone,* R.I., 458 A.2d 1078, 1081 (1983); *Saltzman v. Atlantic Realty Co.,* R.I., 434 A.2d 1343, 1345 (1981); *Marandola v. Hillcrest Builders, Inc.,* 102 R.I. 46, 49, 227 A.2d 785, 787 (1967). There is no absolute requirement under Rule 56 that the nonmoving party submit an affidavit opposing a motion for summary judgment. *Steinberg v. State,* R.I., 427 A.2d 338, 340 (1981). However, when no such opposing affidavit is filed, the nonmoving party may not rest upon the allegations contained in the pleadings alone to establish the existence of a genuine issue of material fact. *Nedder v. Rhode Island Hospital Trust National Bank,* R.I., 459 A.2d 960, 962 (1983); *Ardente v. Horan,* 117 R.I. 254, 257, 366 A.2d 162, 164 (1976). The nonmoving party has an affirmative duty to set forth specific facts showing that there exists a genuine issue of fact to be decided at trial. *Id.* at 257, 366 A.2d at 164. Despite the failure of a nonmoving party to file an affidavit in opposition, when the moving party in his affidavit fails to estab-

lish the absence of a material issue of fact, the trial justice should deny the motion. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159–60, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142, 155 (1970).

■ Having already concluded that the plaintiffs failed to timely file their affidavit and memorandum in opposition to the defendants' motion, we are left only to consider whether the memorandum submitted by the defendants establishes the absence of an issue of material fact. Examining the defendants' memorandum in this light, we find that no material, factual issue existed, and summary judgment was properly granted.

The plaintiffs' appeal is denied and dismissed, the judgment below is affirmed, and the papers of the case are remanded to the Superior Court.