Cynthia Alverson **GRISSOM** et al.

v.

**PAWTUCKET TRUST COMPANY.**

No. 88–164–Appeal.

Supreme Court of Rhode Island.

June 21, 1989.

William C. Clifton, Stone & Clifton, Providence, for plaintiffs.

Matthew C. Cunningham, William J. Lynch, Blais, Cunningham, Crowe & Chester, Pawtucket, for defendant.

OPINION

SHEA, Justice.

This is an appeal from a summary judgment entered in Superior Court in favor of the plaintiff, Cynthia Alverson Grissom, ordering the defendant, Pawtucket Trust Company, as the executor of David Chester Alverson's estate to pay past-due child support. We affirm.

The plaintiff and David Chester Alverson (David) were married on September 27, 1967. They had three children. In 1974 they were divorced by a final decree of the Rhode Island Family Court and plaintiff was awarded custody of the three children "subject to the rights of reasonable visitation" by David. The order also specified that the children "shall not be permanently removed from the state without prior consent of the [Family] Court." David was ordered to pay plaintiff $35 per week for the support of the three children.

At some point after the divorce plaintiff moved to Colorado with the children. She later sought relief in the Rhode Island Family Court, alleging that she had not received child support from David since April of 1974. In August of 1983 the Family Court master dismissed this motion for support without prejudice. He did so because plaintiff had removed the children from Rhode Island without the authority of the court.

David died on November 16, 1985. After the probate of his will and the appointment of defendant as the executor under the will, plaintiff filed a claim for the child-support arrearages in the amount of $21,175 plus interest, costs, and attorney fees. The defendant disallowed the claim. On August 5, 1986, plaintiff, individually and as parent and next friend of her three children, filed this complaint in the Superior Court, seeking the child-support arrearages pursuant to G.L.1956 (1981 Reenactment) § 15–5–16.3. In September of 1987 she filed a motion for summary judgment that, after a hearing, was granted on December 4, 1987.[1] The defendant appeals from that judgment.

[1] In considering whether a motion for summary judgment is properly granted, we must determine, after examining all the pleadings, affidavits, admissions, answers to interrogatories, and other materials viewed in the light most favorable to the nonmoving party, that there is no genuine issue of material fact. *Nichola v. John Hancock Mutual Life Insurance Co.*, 471 A.2d 945, 947–48 (R.I.1984) (citing *Estate of Bassett v. Stone*, 458 A.2d 1078, 1081 (R.I. 1983); *Saltzman v. Atlantic Realty Co.*, 434 A.2d 1343, 1345 (R.I.1981); *Marandola v. Hillcrest Builders, Inc.*, 102 R.I. 46, 49, 227 A.2d 785, 787 (1967)). Even though the moving party must establish the absence of a material factual issue, the party opposing the motion has an affirmative duty to establish either by affidavit or by other means the material issue of fact to be decided. 471 A.2d at 948. In the absence of such an affidavit the nonmoving party cannot establish a genuine issue of material fact by resting on the allegations in the pleadings. If the nonmoving party is unable to show that a genuine issue of fact exists, the party may seek a continuance, under Rule 56(f) of the Superior Court Rules of Civil Procedure, to obtain the affi-davits, depositions, or discovery necessary to meet its burden. *Nedder v. Rhode Island Hospital Trust National Bank*, 459 A.2d 960, 962 (R.I.1983).

■ In support of her motion for summary judgment, plaintiff submitted a sworn affidavit that David had not paid any child support. The defendant contended that there is a genuine issue of material fact about whether David had made any child-support payments. It refers the trial court and this court to defendant's answer to plaintiff's complaint where it stated that defendant was without sufficient information to form a belief about the truth of plaintiff's allegation that David never paid child support. However, because pleadings alone are insufficient to prove a nonmoving party's assertion of a genuine issue of material fact, *Nichola*, 471 A.2d at 948, and because defendant did not seek a continuance under Rule 56(f) in order to gather the necessary information to meet its burden, as suggested in *Nedder*, we find that the trial court correctly ruled that defendant did not carry its burden of establishing an issue of fact regarding whether David had paid any child support.[2]

■ The defendant also asserts that there is a question of fact regarding whether plaintiff was entitled to support payments after she moved to Colorado with the children without Family Court approval. This claim has no merit. We have held that, under § 15–5–16.3, child-support arrearages are judgments for debt and may be sued upon as such. *Lippman v. Kay*, 415 A.2d 738 (R.I.1980); *Silva v. Silva*, 122 R.I. 178, 404 A.2d 829 (1979). Even when a final divorce decree conditions child-support payments on compliance with visitation provisions, which is not the case here, we have recommended that the payer asserting a violation of the decree make the payments

---

1. On February 4, 1988, defendant filed a motion to vacate the summary-judgment order on the grounds that it had not received notice of the entry of the order until after the expiration of the appeal period. The February motion was granted, but the summary judgment was entered again on March 22, 1988. The defendant filed its notice of appeal on April 8, 1988.

2. The defendant also submitted an affidavit of David's brother-in-law, Raymond E. Gardner. However, that affidavit does not contradict the assertions by plaintiff that David did not pay child support.

to the Family Court or petition that court to modify the decree or suspend payments. *Lippman,* 415 A.2d at 743. If the payer does not follow this recommended course, "each unpaid installment as it accrues becomes in the nature of a judgment, regardless of whether the defaulting party has an understandable grievance against the former spouse." *Id.* In this case, David did not petition the Family Court regarding visitation and support payments. Therefore, there is no factual issue about the question of whether plaintiff was entitled to child-support payments after she moved to Colorado. The trial justice was correct in granting plaintiff's motion for summary judgment.

Finally defendant claims that plaintiff's complaint is barred by laches. It claims that the lapse of time and the prejudicial effect on defendant of plaintiff's attempt to obtain child-support arrearages after the death of her former husband constitute laches.

We have repeatedly stated that laches is an equitable defense that comprehends more than mere delay. There must be inexcusable delay working a prejudice on the other party. *Hyszko v. Barbour,* 448 A.2d 723, 727 (R.I.1982). Here, defendant failed to establish that there was any ineq-

uity in permitting this claim to enforce child-support payments. The plaintiff has an outstanding and unpaid judgment for debt against David for the accrued child-support arrearages. *See* § 15–5–16.3. The trial justice did not err in rejecting defendant's claim of laches.

The plaintiff asserts that the defendant's appeal is moot because, after the Superior Court granted the plaintiff's motion for summary judgment, the Probate Court ordered the defendant to pay the plaintiff's claim. The defendant never objected to, appealed from, or moved to vacate that Probate Court order. Because we find in favor of the plaintiff on the principal issue in this appeal, which is the granting of the plaintiff's motion for summary judgment, we need not address the mootness issue.

For these reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.