**David PACIA**

v.

**FORTE BROS., INC., et al.**

**No. 88–309–Appeal.**

Supreme Court of Rhode Island.

Nov. 8, 1989.

Joseph S. Votta, Jr., Votta & Votta Law Offices, Providence, for plaintiff.

Michael P. Lynch, Olenn & Penza, Warwick, for defendants.

OPINION

MURRAY, Justice.

This case is before the court on the plaintiff's appeal from a Superior Court ruling of summary judgment in favor of the defendant Forte Bros., Inc. We vacate the judgment of the Superior Court and sustain the appeal. We remand the case to the Superior Court since in our opinion there are more findings of fact to be determined.

In light of the pleadings, interrogatories, and affidavits, the facts so far adduced may briefly be summarized as follows. On October 9, 1984, at 10:15 p.m., plaintiff, David Pacia, was traveling north on Power Road in Pawtucket, Rhode Island, when his car came into contact with a raised manhole cover and its rim. Upon contact plaintiff damaged his automobile and sustained personal injuries. The defendant Forte Bros., Inc., was completing road-construction work pursuant to Rhode Island contract No. 8343 for defendant city of Pawtucket.

The plaintiff asserts that defendant Forte Bros., Inc., is responsible for his injuries and related expenses because defendant negligently created this hazard by failing to warn of unsafe road conditions and failing to light the location properly. On March 30, 1988, plaintiff submitted an affidavit stating that on October 9, 1984, he came in contact with the manhole cover and no warning barrels were in place. On April 28, 1988, the resident engineer, Frederick W. McDonnell, filed an affidavit stating that on October 9, 1984, he inspected the job site where defendant Forte Bros., Inc., was working, and barrels were placed over safety hazards in compliance with the contract. It remains to be determined upon an evidentiary hearing what time span is involved and how the time, position of the barrels, and control of the work site relate to proximate cause. The fact that barrels were properly placed at a different time does not dispose of this issue.

This court reviews the propriety of a summary judgment order by the same standards as the trial justice. *Lawrence v. Anheuser–Busch, Inc.*, 523 A.2d 864, 867 (R.I.1987); *Steinberg v. State*, 427 A.2d 338, 340 (R.I.1981). "We examine the pleadings and affidavits in the light most favorable to the nonmoving party and decide if an issue of material fact exists. If not, we determine if the moving party was entitled to summary judgment as a matter of law." *Lawrence*, 523 A.2d at 867; *Russo v. Cedrone*, 118 R.I. 549, 555, 375 A.2d 906, 909 (1977); Super.R.Civ.P. 56.

Applying the standard to this case, we find that there are material issues of fact which cannot be resolved on summary judgment.

For this reason we vacate the judgment, sustain the appeal, and remand the case to the Superior Court in accordance with this opinion.