[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is a Motion for Partial Summary Judgment made by the plaintiff, Crest Manufacturing Company ("Crest"). Crest alleges that G.L. 1956 (1985 Reenactment) § 6A-2-601 et seq. obligates defendant to pay for certain shipments of lockwashers plaintiff sent to defendant, Whittet-Higgins Company ("Whittet"). Jurisdiction in this Court is pursuant to Super. R. Civ. P. 56.
Background/Travel
Whittet manufactures metal components for bearing and power transmissions. Since 1983, Crest has provided Whittet with metal lockwashers for use in its manufactured products. Both Whittet and Crest are Rhode Island corporations.
As a result of a perceived decline in quality of the lockwashers manufactured by Crest, the long-term business relationship between Crest and Whittet turned sour during the fall of 1990. As a result, Crest filed a complaint for breach of contract against Whittet on February 4, 1991. It is this action which forms the basis for the instant motion.
Although the underlying case involves many different types of lockwashers, the instant motion concerns only the "MB" and "MBA" lockwashers (the "metric series"). The plaintiff made several shipments of metric series lockwashers to defendant. At issue is whether Whittet accepted those shipments and is contractually obligated to pay for same.
Discussion
When considering a motion for summary judgment, the only issue before the court is whether there exists a genuine issue of material fact. Babbit v. Saccocia, 592 A.2d 847, 849 (R.I. 1991). The court must limit itself to this issue; it may not pass on the weight or credibility of the evidence before it. Pacia v.Forte Bros, 565 A.2d 529 (R.I. 1989).
Summary judgment is a drastic remedy which should be applied cautiously. Rustigian v. Celona, 478 A.2d 187 (R.I. 1984). Thus, the court must review the pleadings, affidavits, memoranda, other appropriate evidence and the inferences that might be drawn therefrom in a light most favorable to the non-moving party.Id. at 189. If the party opposing the motion establishes either by affidavit or other means that a material issue of fact exists, then the court must deny the motion. Grissom v. Pawtucket TrustCompany, 559 A.2d 1065, 1066 (R.I. 1989).
Whether Whittet accepted the metric series shipments must be determined by reference to G.L. 1956 (1985 Reenactment) §6A-2-601 et seq. (the "Uniform Commercial Code," hereinafter "U.C.C."). Section 6A-2-601 provides, in part, that ". . . if goods or tender of delivery fail in any respect to conform to the contract, the buyer may (a) Reject the whole; or (b) Accept the whole; or (c) Accept any commercial unit or units and reject the rest." Section 6A-2-606 establishes a presumption of acceptance: acceptance occurs if the buyer fails to make an effective rejection. Section 6A-2-602 provides that "[r]ejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer reasonably notifies the seller." Furthermore, section 6A-2-605 requires that a buyer particularize the reasons for rejection. Acceptance of goods can be conditional, however. Section 6A-2-608 provides in part:
 6A-2-608 Revocation of acceptance in whole or in part-
 (1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it
 (a) on the reasonable assumption that its non-conformity would be cured and has not been reasonably cured . . .
 (2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
At issue is whether Whittet effectively notified Crest either that it was rejecting or was withdrawing its acceptance of the metric series shipments. Section 6A-1-201(26) provides that
 A person "notifies" or "gives" a notice or notification to another by taking such steps as may be reasonably required to inform the other in the ordinary course whether or not such other actually comes to know of it.
Section 6A-1-201(27) provides that notice is effective ". . . from the time when it is brought to the attention of the individual conducting that transaction, and in any event from the time when it would have been brought to his attention if the organization had exercised due diligence." Thus, notice under the UCC is tied to the concept of reasonableness; if the sender makes a reasonable effort and the receiver should reasonably become aware of the notice, it is effective.
Crest claims that it is entitled to summary judgment because it did not receive timely notice that Whittet was rejecting or withdrawing its acceptance. The evidence before this court clearly establishes that Crest made several deliveries of metric series lockwashers to Whittet. Such delivery commenced during October, 1990. This establishes a presumption of acceptance which can be overcome only by showing that (1) Whittet rejected the lockwashers or that (2) Whittet withdrew its acceptance.
David A. Brown, the president of Whittet, stated in a sworn affidavit that Whittet rejected certain shipments of lockwashers and cancelled the remainder. He also stated that Whittet offered detailed explanations as to why the lockwashers were being rejected. He also stated in the same affidavit that sufficient notice of these rejections and of cancellation was always provided to Crest immediately after they occurred.
Additional evidence supports Brown's affidavit. Henry Marshall, an employee of Whittet, testified in a deposition that the metric lockwashers were rejected prior to November 20, 1990. (Deposition of Henry Marshall, p. 25). Richard Goff, another employee of Whittet, also testified in a deposition that as of November 20, 1990, Whittet had not accepted any shipments of lockwashers from Crest. Further, representatives of Crest and Whittet had a meeting on November 20, 1990 regarding the quality of the metric series lockwashers Crest had provided Whittet during the fall of 1990. From the evidence, it is clear that tempers flared and that the Whittet representatives asked for the return of tooling which it had lent to Crest. These events, along with the testimony of Marshall and Goff, suggest that Crest was reasonably aware that Whittet had rejected the metric series lockwashers.
Crest presents a November 27, 1990 letter drafted by Joe Longiver, a sales manager for Crest, as evidence that Crest did not receive notice of the rejection, or withdrawal of acceptance, of the metric series lockwashers. The letter was drafted shortly after it became apparent to Crest that its relationship with Whittet was no longer amicable. After considering this letter and other evidence produced by the plaintiff, this court is satisfied that the plaintiff has not established the absence of a material fact issue.
After review of all the appropriate evidence in this case in the light most favorable to Whittet, this court denies plaintiff's motion for partial summary judgment. This court finds that there exists a genuine issue of material fact, namely whether Crest received notice that Whittet had rejected or whether Whittet accepted and then withdrew its acceptance.
Counsel shall prepare an appropriate order for entry by this court.