[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on motion for partial summary judgment by defendants New England Repossession Service, Inc. ("NERS") and Edward Pare, Jr., in his capacity as Receiver for Greater Providence Deposit and Trust Corporation ("Greater Providence" or "the bank") against Leonard DeLeone ("Plaintiff"). Jurisdiction is pursuant to R.C.P. 56.
STATEMENT OF FACTS
On April 21, 1988, George DeLeone, Plaintiff's son, conveyed a promissory note to Greater Providence granting it a security interest in a 1988 Audi motor vehicle. The amount of the note was $20,000 plus interest at a rate of thirteen percent (13%) annually. The terms of the note are not in dispute.[1]
Greater Providence was subsequently closed by order of the Governor on January 1, 1991. At that time, there existed an unpaid principal balance of approximately $11,000 on the note. In March, 1991, Plaintiff's son transferred title to the vehicle to Plaintiff. Thereafter, on November 6, 1991, NERS repossessed the vehicle at the request of Greater Providence.
The present action was brought by Plaintiff seeking return of the vehicle and monetary damages for alleged wrongful conversion. Pending the resolution of this action, the bank and NERS have agreed to hold title to the vehicle in escrow and to return the vehicle to Plaintiff.
Greater Providence herein contends that the transfer of title to the vehicle to Plaintiff constitutes a fraudulent conveyance pursuant to the Uniform Fraudulent Transfer Act and seeks partial summary judgment as to that issue. The bank asserts the note was in default at the time of the conveyance and that title rests with it.
Plaintiff declares that the note was not in default at the time of the conveyance, stating that his son satisfied the note by setting off funds on deposit at the bank. Plaintiff asserts the conveyance was valid and title rests with him.
ANALYSIS
It is generally well settled that a motion for summary judgment is a drastic remedy and, as such, should be applied cautiously. Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). Pursuant to R.C.P. 56(c), a trial justice may grant the motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law."Golderese v. Suburban Land Co., 590 A.2d 395, 396 (R.I. 1991) (quoting Rhode Island Hospital Trust National Bank v. Boiteau,119 R.I. 66, 376 A.2d 324 (1977)). The Court must, however, view the pleadings, affidavits, memoranda, and other evidence in the light most favorable to the non-moving party. Rustigian, 478 A.2d at 189. If the party opposing the motion establishes that a material issue of fact exists, then the Court must deny the motion. Grisson v. Pawtucket Trust Company, 559 A.2d 1065, 1066 (R.I. 1989).
In the instant action, Greater Providence moves this Court to grant partial summary judgment alleging the conveyance constitutes a fraudulent transfer pursuant to R.I.G.L. 1956 (1985 Reenactment) § 6-16-5 which provides as follows:
 6-16-5. Transfers fraudulent as to present creditors. — (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time, or the debtor became insolvent as a result of the transfer or obligation.
 (b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.
At the outset, the bank alleges the note was in default at the time Plaintiff's son transferred the vehicle to Plaintiff. Plaintiff contends the note was completely satisfied in March, 1991, prior to the conveyance. Plaintiff states that his son used funds on deposit at the bank to set-off the unpaid principal balance on the note. Plaintiff states approximately $9,270 in funds were used to set-off the note and that the remaining balance was paid off by certified check on March 29, 1991. Plaintiff contends that in exchange for said check, the bank relinquished title to the vehicle and the same was transferred and assigned to him.
Pursuant to § 6-16-5, the existence of a debtor/creditor relationship is required. In the instant case, there is a dispute between the parties as to whether the note was paid in full and, hence, whether there existed debtor/creditor relationship at the time of the transfer. This is an issue of material fact which cannot be disposed of by summary judgment.
Section 6-16-5 also requires the debtor be insolvent at the time of the transfer.[2] Greater Providence contends the debtor, Plaintiff's son, was insolvent on the basis that Plaintiff indicated that he was "having trouble paying his debts." However, the bank offers no evidence to buttress its contention that Plaintiff's son was insolvent as defined under the statute. On the other hand, Plaintiff offers an affidavit indicating his son, was in fact, solvent at the time of the conveyance. The status of the debtor's solvency is, therefore, an issue of material fact which cannot be disposed of by summary judgment.
With respect to establishing a fraudulent conveyance it also must be shown that the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer. The bank alleges the transfer was "a gift" and, therefore, Plaintiff's son did not receive reasonably equivalent value in exchange for the vehicle. Plaintiff asserts he gave his son a credit equal to the fair market value of the vehicle against a loan he made to his son. The subject of whether Plaintiff's son received reasonable equivalent value in exchange for the vehicle is an issue of fact which cannot be disposed of by judgment.
Based upon the memoranda, pleadings, and affidavits, and viewing the evidence in the light most favorable to the non-moving party, this Court finds there remain genuine issues of material fact as delineated above. Accordingly, the motion for partial summary judgment is denied.
Counsel shall prepare the appropriate judgment for entry.
[1] Plaintiff's son, George DeLeone, has been joined as a third party defendant in this action.
[2] A debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at fair valuation. R.I.G.L. 1956 (1988 Reenactment) § 6-16-2(a).