## SUPERIOR GROUP VENTURES, INC.

v.

## SIGN CORP., Ace Advertising Co., Edward L. Fielding, Inc. and Mello Sign Company.

### No. 93–603 Appeal.

Supreme Court of Rhode Island.

Oct. 14, 1994.

Patricia Andrews, Thomas McAndrews.

Adam Robitaille, James T. Murphy.

### ORDER

This matter came before this court on October 5, 1994, pursuant to an order directing the parties to appear in order to show cause why the issues in this appeal should not be summarily decided. The plaintiff, Superior Group Ventures, Inc. (Superior), appeals from a granting of summary judgment in favor of defendant, Edward L. Fielding, Inc. (Fielding).

This controversy arises out of a fire that broke out on November 9, 1989, damaging one of Superior's dry cleaning stores located in Johnston, R.I. Superior asserts that Fielding negligently installed wiring for a neon sign leading to the fire in question. After a brief period for discovery, Fielding promptly filed a motion for summary judgment asserting there was no genuine issue of material fact and the trial justice agreed granting the motion. Superior now appeals.

As we have continually stated, we will uphold a trial Justice's granting of summary judgment when our review reveals no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Banks v. Bowen's Landing Corp.,* 522 A.2d 1222, 1224 (R.I.1987).

In determining whether a genuine issue of fact remains, the trial justice, like this court on review, must view all the pleadings, affidavits, admissions, answers to interrogatories, and other materials in the light most favorable to the party opposing the motion. *Golderese v. Suburban Land Co.,* 590 A.2d 395, 397 (R.I.1991); *Nichola v. John Hancock*

*Mut. Life Ins. Co.,* 471 A.2d 945, 947–48 (R.I.1984).

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we hold that the trial justice incorrectly granted Fielding's motion. Superior produced at least two pieces of evidence sufficient to create a genuine issue of material fact. First, Superior produced a copy of a cancelled check it drafted and made payable to Fielding dated December 22, 1989, that bore the notation "wire signs outside and inside Johnston, R.I." Second, Superior produced a copy of an invoice dated July 21, 1989, stating "Re: Johnston, R.I. Electric Work Rendered: install wiring for sign, install wiring and receptacles for neon signs in window." Therefore, we find this evidence created a genuine issue of material fact as to whether Fielding did perform electrical work on the sign that caught fire. At this stage of the litigation, that is all Superior need prove.

It is the conclusion of this Court that defendant's appeal be sustained, the order appealed from vacated, and the papers of the case remanded to the Superior Court for trial.