Armand MEYETTE et al.

v.

James B. LEACH, Jr., M.D., et al.

No. 93–625–Appeal.

Supreme Court of Rhode Island.

Nov. 18, 1994.

Vincent Cannon, Providence.

Berndt Anderson, Seth Bowerman, Providence.

## ORDER

This case came before the Supreme Court for oral argument on November 14, 1994, pursuant to an order directing the plaintiff Armand Meyette to show cause why this appeal should not be summarily denied and dismissed. The plaintiff, individually and as administrator of the Estate of Gloria Meyette and as legal guardian of Chris Renaud and Kathleen Renaud has appealed from the granting of a motion for summary judgment in favor of the defendants in this medical-malpractice action.

After reviewing the memoranda submitted by the parties and after considering the arguments of counsel, this court concludes that cause has not been shown and the appeal will be summarily decided.

In 1979 plaintiff's wife, who had complained of abdominal bloating and back pain, was referred by her family physician to defendant James B. Leach, Jr., M.D., for diagnostic x-rays and a barium enema at the defendant Woonsocket Hospital (hospital). Following these tests, Leach reported to the referring physician that the results were normal; the x-rays remained at the hospital. After several months of treatment, in April 1983, after a second barium enema was performed by Leach at the hospital, Leach reported "changes in the distal sigmoid consistent with carcinoma." The plaintiff's wife died of colon cancer in November 1983.

The Meyettes, after the cancer diagnosis, retained counsel to investigate whether medical malpractice occurred in the 1979 tests. Although counsel forwarded Mrs. Meyette's medical records to two medical specialists, the x-rays were never requested or reviewed until new counsel was retained in November 1988, at which time the x-rays were forwarded to an expert who opined that the 1979 barium enema x-ray films had been misread. Based on that report, plaintiff filed suit in January 1989 alleging that the defendants negligently misread the x-ray films in 1979 and negligently failed to diagnose the cancer.

In May 1993 defendants filed motions for summary judgment on the grounds that the complaint was not timely filed within the three-year statute of limitations and that the discovery rule was inapplicable. The trial justice granted the motions, and plaintiff timely appealed.

In *Wilkinson v. Harrington*, 104 R.I. 224, 243 A.2d 745 (1968), this court, in adopting the discovery rule in medical-malpractice cases, reasoned that the three-year statute of limitations set forth in G.L.1956 (1985 Reenactment) § 9–1–14.1 should be tolled until such time as the wrong manifests itself. Although plaintiff contends he was unaware of defendants' negligent conduct until after the statute had expired, we are of the opinion that the alleged negligence was neither latent nor undiscoverable if plaintiff had exercised reasonable diligence at the time of his wife's death. All of the records, including the x-rays, were available to plaintiff and his counsel.

In reviewing the granting of a motion for summary judgment, this court, like the trial court, examines the evidence in the light most favorable to the party opposing the motion to ascertain whether there exists a genuine issue of material fact. *Nichola v. John Hancock Mutual Life Ins. Co.*, 471 A.2d 945, 946 (R.I.1984). The trial justice was required only to determine an issue of law, namely whether the plaintiffs' conduct satisfied the reasonable diligence standard. *Dionne v. Baute*, 589 A.2d 833, 835 (R.I. 1991). Thus, because there were no material issues of fact in dispute, the case was appropriate for summary judgment. Therefore, we concur with the trial justice's order in entering summary judgment for the defendants.

Consequently, we deny and dismiss the appeal and remand the papers in the case to the Superior Court.