## BERENSON APPRAISAL ASSOCIATES, INC.

v.

## Elizabeth V. BOGOSIAN.

No. 94–138–Appeal.

Supreme Court of Rhode Island.

Feb. 17, 1995.

Richard Riendeau, Henry Almagno, Providence.

William Chaika, Cranston.

### ORDER

This matter came before a panel of the Supreme Court on February 7, 1995, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant has appealed from the lower court's granting of summary judgment for the plaintiff.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The issues will be summarily decided at this time.

In this case plaintiff filed a complaint against defendant in Superior Court alleging that the parties had entered into a valid contract for the appraisal of several parcels of real property. Included in the contract was a provision for oral and written appraisals and a fee schedule for the appraisals. The appraisals were completed and the property was sold, but defendant refused to accept payment of her share of the sale pro-

ceeds. The defendant argued only the timing of payment due under the contract.

The plaintiff's complaint asserts that defendant had not paid for the services rendered. The plaintiff filed a motion for summary judgment. After a hearing on the motion the trial justice stated that counsel for defendant admitted before the Superior Court that no issue existed as to the rendering of services, the amount charged or the quality of the service. The trial justice stated:

> "That's an admission as I see it, that you're not raising an issue of fact that the services were rendered and since there is nothing to oppose, no affidavit, no expert affidavit, nothing, I have to assume that the services were properly rendered and the amount that's been claimed is a fair amount."

In ruling on a motion for summary judgment the only question before the trial justice is whether there is a genuine issue of material fact that must be resolved. *Golderese v. Suburban Land Co.,* 590 A.2d 395, 396 (R.I.1991). Summary judgment should be granted only if an examination of all the pleadings, affidavits, admissions, answers to interrogatories, and other materials viewed in the light most favorable to the party opposing the motion, reveals no genuine issue of material fact. *Nichola v. John Hancock Mut. Life Ins. Co.,* 471 A.2d 945, 946 (R.I. 1984). On review this court does the same. *Banks v. Bowen's Landing Corp.,* 522 A.2d 1222, 1224 (R.I.1987).

We are of the opinion that the trial justice in granting the motion for summary judgment considered the record before him, and concluded that the money was owed under the contract. He found no issue of material facts raised in opposition to that proposition. Therefore, summary judgment was appropriate.

For these reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the papers of the case are remanded to the Superior Court.

LEDERBERG, J., did not participate.