DECISION
Before this Court is the Summary Judgment Motion of Plaintiff, Capital Properties, Inc. Plaintiff moves this Court to summarily decide the tax appeals it filed with the Board of Tax Assessment Review for the years 1995 — 1999. These appeals are presently before the Board of Tax Assessment Review and have been for several years. Plaintiff contends that this Court should intervene and decide the tax appeals because the statutorily proscribed time period for the Board to render its decision has long since expired. Plaintiff also contends that there exist no issues of material fact to prevent the granting of summary judgment in Plaintiffs favor. Defendant, City of Providence cross-moves for summary judgment on the ground that the Plaintiff has failed to state a cause of action upon which relief may be granted. Jurisdiction is pursuant to General Laws of Rhode Island 1956 § 44-5-26.
 Facts/Travel of Case
During the years 1995 through 1999, Capital Properties, Inc. ("CPI") filed a total of 42 appeals with the Board of Tax Assessment Review pursuant to R.I.G.L. § 44-5-26. There are ten properties involved in these appeals. They are as follows:
Plat/Lot Parcel 19/102 2 19/103 3S 19/113 3E 19/114 3W 19/119 4E 19/118 4W 19/105 (land only) 5 4/247 6A 4/252 6C 19/109 9
In 1995, Plaintiff filed its first set of tax appeals pertaining to six of the ten parcels (3S, 3E, 3W, 4E, 4W, and 5.) These appeals claimed that a December 31, 1994 reassessment of the parcels exceeded the full and fair cash values of the properties. It specifically objected to the value of its property being raised from $40 per square foot to $75 per square foot. In 1996, the City issued tax bills to CPI for the same six parcels which were again based upon the December 31, 1994 assessment values. CPI likewise filed appeals and challenged these new values as excessive.
In 1997, the City reassessed all ten parcels as of December 31, 1996. This reassessment increased the assessment values of the ten parcels from approximately $75 per square foot to $110 per square foot. The City issued tax bills to CPI in 1997, 1998, 1999 based upon these new values. At the same time, the City also imposed back taxes on CPI's property. The City took the $110 value and retroactively applied it to 1991. CPI filed appeals with the City Assessor in 1997, 1998, and 1999, objecting to the new values as excessive. CPI also filed a complaint in the Superior Court, challenging the legality of the reassessment and the back taxes.
On October 5, 1998, a hearing was held before the Board of Tax Assessment Review. As the Board had misplaced CPI's 1995 and 1996 appeals, only the 1997 tax appeals were heard at that time. A hearing held on November 30, 1998 regarding the 1995 and 1996 appeals was postponed. The parties disagree as to the reason for the postponement. No hearing was ever scheduled for the 1998 and 1999 appeals. The Board never issued any decisions.
Meanwhile, in 1999, the Superior Court rendered its decision as to the illegality of the City's reassessment and back taxes as of December 31, 1996. (Capital Properties. Inc. v. State of Rhode Island et al. (1999 WL 551319 (Super. 1999)) The Court found that the City reassessment and back taxes were solely based upon the condemnation value of one other piece of CPI real property determined by the Superior Court in a condemnation action involving the parties. The Court found this method of valuing real property for tax assessment purposes did not qualify as an "omitted" or "erroneous assessment" to comply with the requirements of § 44-5-23. The Court found the tax assessments made by the City against CPI to be selective, arbitrary, and illegal. The Court found that the City intended to revalue only CPI's property. The Court ordered the City to expunge all real property tax assessments and reassessments based upon the $110.00 per square foot market value as determined in the condemnation proceeding above and permanently enjoined the City from collecting taxes and accrued interest based upon this assessment and reassessment valuation method.
Thereafter, the City expunged the illegal reassessment of December 31, 1996 and returned the assessed value of the property back to the pre-1997 rate. No decision was ever rendered regarding the "excessiveness" of such rate, despite the Plaintiffs many appeals before the Board of Tax Assessment Review. This issue was not decided by this Court in Capital Properties. Inc. v. State of Rhode Island et al. (Nos. C.A. 98-6254, C.A. 88-1654, C.A. 98-2525, C.A. 97-4199, C.A. 98-5202.) That case involved whether the reassessment and back taxes as of December 31, 1996 were illegal, not whether they were excessive.
In February of 2000, Plaintiff wrote the Board and demanded that it hear and decide the 1995, 1996, 1997, 1998 and 1999 tax appeals regarding the excessiveness of the assessed cash value on his parcels of property. After no response, the Plaintiff filed this complaint asking this Court to exercise its equitable powers in hearing and deciding these appeals. Plaintiff argues summary judgment is appropriate as no issues of material fact exist regarding the excessiveness of the cash value assessment of his property.
 The Parties' Arguments
CPI asserts that since the Board did not timely render a decision on these appeals, this Court should summarily reduce the City's "excessive" tax assessments of CPI's property, as CPI requested in each of the appeals to the Board. CPI asserts that R.I.G.L § 44-5-26 governs the allowable time period for the Board to render its decision on appeals such as CPI's. It provides: "The local tax board of review shall, within ninety (90) days of the filing of the appeal, hear the appeal, and render a decision within thirty (30) days of the date that the hearing was held." R.I.G.L § 44-5-26. According to Plaintiff, several years have passed since the appeals were filed with the Board thus warranting this Court's intervention.
The City responds that the time frames for the deliberations and/or decisions of the Board of Tax Assessment Review were not intended to provide an appellant with a successful appeal if not met. The City argues that no such sanction is imposed by the statute. Procedural shortcomings, it argues, do not invalidate an otherwise proper taxi. assessment. At the hearing on this motion, the City further argued that the tax appeals in issue were stayed until 1998 upon the request of the Plaintiff. Therefore the Plaintiff should be estopped from arguing any delay prior to 1998. Additionally, the City contends that any subsequent delay was caused by the Plaintiff. The City maintains that a transcript of the Board hearing held in 1997 evinces that Plaintiff's counsel was asked to submit further documents to the Board, and that the hearing was continued pending the receipt of these documents. Thereafter, the Board never received the requisite documents and was prevented from acting on the appeals. The Plaintiff denies having agreed to submit further documents after this hearing. In its Cross-Motion for Summary Judgment, the City argued that the Superior Court already disposed of these tax appeals, thus rendering these appeals moot. At the hearing on the motion before this Court, however, the City conceded that the prior issue before the Court was the illegality of the December 31, 1996 reassessment and not the excessiveness of the cash value of the pre-1997 assessment. The City then argued that despite its delay in rendering a decision (which it attributes to the Plaintiff,) it is nonetheless prepared to have the hearing held now. The City argues that it is unnecessary for this Court to intervene and decide the appeals for the Board.
 Standard of Review
When a trial justice is ruling on a motion for summary judgment, the only question before him or her is whether there is a genuine issue of any material fact that must be resolved. Golderese v. Suburban Land Co.590 A.2d 395, 396 (R.I. 1991). Summary judgment should be granted only if an examination of all the pleadings, affidavits, admissions, answers to interrogatories, and other materials, viewed in a light most favorable to the party opposing the motion, reveals no genuine issue of material fact. Nichola v. John Hancock Mutual Life Insurance Co. 471 A.2d 945, 947-48 (R.I. 1984).
"[A] litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions. Manning Auto Parts. Inc. v. Souza. 591 A.2d 34, 35 (RI. 1991).
 Conclusion
In viewing the record in the light most favorable to the City, this Court finds there are issues of material fact regarding the excessiveness of the cash value assessment of CPI' s property prior to 1997, as well as the reason for the Board's delay in rendering its decision. Accordingly, Plaintiff's Motion for Summary Judgment is denied. This Court believes that the Tax Assessor's Board is the proper tribunal for the resolution of such issues. In the exercise of its equitable powers, this Court orders the Board to review the appeals, render its decision, and notify the taxpayer of the decision within ninety days of the entry of this Court's order, in accordance with § 44-5-26. The Board members shall, among other things, use the transcripts from the prior hearings in making their determination. With regard to the Plaintiff's request for attorneys fees resulting from the Board's alleged unreasonable delay in rendering its decisions on the tax appeals, this Court reserves its decision on this matter until after the conclusion of the Board's hearing on the pending tax appeals. Based upon the City's acknowledgment at oral argument, its Cross-Motion for Summary Judgment is denied as meritless.
Counsel should submit an appropriate order consistent with this decision.