February 21, 2023

**Supreme Court**

No. 2021-234-Appeal.
(PC 11-1302)

Debra DiMaggio                     :

              v.                           :

Ethan Tucker.                      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Debra DiMaggio                    :

v.                    :

Ethan Tucker.                    :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  The defendant, Ethan Tucker, appeals

from the Providence County Superior Court's grant of partial summary judgment

in favor of the plaintiff, Debra DiMaggio.  Mr. Tucker contends that the hearing

justice improperly applied the law of the case doctrine when ruling on Ms.

DiMaggio's motion for partial summary judgment.  This case came before the

Supreme Court pursuant to an order directing the parties to show cause why the

issues raised in this appeal should not be summarily decided. After carefully

examining the record and the parties' arguments (both written and oral), we are of

the opinion that cause has not been shown and that the appeal may be resolved

- 1 -

without further briefing or argument.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

On September 28, 2009, Mr. Tucker signed a Promissory Note (the Promissory Note) in favor of Ms. DiMaggio in the amount of $1,150,000. That Promissory Note consolidated numerous debts which Mr. Tucker owed Ms. DiMaggio pursuant to her advances to Mr. Tucker for their various joint real estate projects in Rhode Island and Illinois.  The Promissory Note, which was secured by a mortgage on certain real estate located at 1200 Hope Street, Bristol, Rhode Island (the Bristol property), provided for a 11.9 percent interest rate on the principal amount owed and for a default rate of 25 percent.

On October 21, 2010, counsel for Ms. DiMaggio sent Mr. Tucker a notice of default and demand for payment under the Promissory Note and demanded that Mr. Tucker make immediate payment of the principal amount of $1,150,000, plus interest.  Mr. Tucker did not respond to that October 21, 2010 notice and demand.

Accordingly, on March 8, 2011, Ms. DiMaggio filed a six-count complaint[1] against Mr. Tucker, seeking injunctive relief, compensatory and punitive damages, and attorneys' fees.

On February 6, 2012, counsel for Ms. DiMaggio sent Mr. Tucker a letter that constituted a further "notice of default and acceleration of all payments." That document indicated that, if Mr. Tucker did not pay by February 27, 2012, "all outstanding liabilities, including the sum of principal, accrued and accruing interest, costs, late charges, and legal fees," amounting to $1,990,702.10 (as of February 6), Ms. DiMaggio would proceed with a mortgage foreclosure sale on the Bristol property. Mr. Tucker proceeded to file a motion for a preliminary injunction, seeking to enjoin the scheduled March 21, 2012 foreclosure sale. Mr. Tucker contended that the Promissory Note was not enforceable because: (1) Ms. DiMaggio had fraudulently induced him to sign the note; (2) there was no consideration for the note; and (3) the note violated Rhode Island's usury statute, G.L. 1956 § 6-26-2.

---

[1] The following are the counts set forth in the complaint: Count One—"Breach of Promissory Note / Breach of Contract;" Count Two—"Breach of Mortgage and Security Agreement/ Breach of Contract;" Count Three—"Breach of the Implied Covenant of Good Faith and Fair Dealing;" Count Four—"Attorneys' Fees;" Count Five—"Fraud & Conversion;" and also a claim for "Injunctive Relief."

On March 19, 2012, an evidentiary hearing was conducted with respect to Mr. Tucker's motion for a preliminary injunction, and on the next day the hearing justice issued a bench decision denying that motion.

The hearing justice first ruled: (1) that the note was not usurious because § 6-26-2 was not applicable to the parties' business transaction; and (2) that, even if said statute did apply, Mr. Tucker's usury argument would fail as a matter of law because the alleged usurious rate (*viz.*, 25 percent) had been triggered by Mr. Tucker's voluntary act of default.[2]

The hearing justice further ruled that Mr. Tucker's argument as to the lack of consideration failed on the ground that, pursuant to G.L. 1956 § 6A-3-303, "a promissory note provided to evidence an antecedent obligation, such as a debt, does not need to be supported by consideration independent of that which was previously furnished * * *."

Finally, the hearing justice summarized the four elements that a party must prove to prevail on a claim of fraud in the inducement. *See Women's Development Corporation v. City of Central Falls*, 764 A.2d 151, 161 (R.I. 2001). She

---

[2]     In his statement filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, Mr. Tucker has made no reference to his contention regarding usury. Accordingly, we need not and shall not address that issue in this opinion. *See Estate of Meller v. Adolf Meller Co.*, 554 A.2d 648, 654 (R.I. 1989); *see also Johnston v. Poulin*, 844 A.2d 707, 710 n.3 (R.I. 2004).

- 4 -

determined that "defendant has failed to show evidence that fulfills all of the elements of fraud in the inducement;" and she specifically determined as follows:

> "Defendant has not offered any credible evidence, either through testimony or otherwise, to show any false statement made by the plaintiff with the intent to induce defendant's reliance thereon with regard to the note."

On April 23, 2012, Ms. DiMaggio filed a motion for summary judgment as to each of the counts in the complaint; and Mr. Tucker filed an objection thereto. However, that motion was passed, and discovery ensued.

Many years later, on November 10, 2020,[3] Ms. DiMaggio filed a motion for partial summary judgment with respect to Counts One and Two.[4] In objecting to that motion, Mr. Tucker reiterated the lack of consideration and fraud in the inducement arguments upon which he had relied in his 2012 motion for preliminary injunction that was denied by the first hearing justice.

On February 10, 2021, a different justice (to whom we shall refer as "the second hearing justice") held a hearing on the just-mentioned motion of Ms. DiMaggio for partial summary judgment; and he proceeded to render a bench decision as to same on February 22, 2021. In that decision, the second hearing

---

[3] Neither the record nor the statements of the parties filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, provide any explanation as to why over eight years elapsed between the filing of Ms. DiMaggio's April 23, 2012 motion for summary judgment (never ruled upon) and the filing of her November 10, 2020 motion for partial summary judgment.

[4] *See* note 1, *supra*.

justice reasoned that, because the first hearing justice had determined that Mr. Tucker's defenses as to both the lack of consideration and fraud in the inducement issues failed as a matter of law and because the only additional evidence provided by Mr. Tucker was an affidavit which "just repeated the initial defenses that [the court] considered in 2012 and has not added anything to it that has come to light in the interim time[,]" the law of the case doctrine applied and was dispositive. Accordingly, the second hearing justice granted Ms. DiMaggio's motion for partial summary judgment on Counts One and Two. A final judgment under Rule 54(b) of the Superior Court Rules of Civil Procedure entered as to those two counts on April 2, 2021, and Mr. Tucker thereafter filed a timely notice of appeal.

## II

### Issue on Appeal

On appeal, Mr. Tucker contends that the second hearing justice improperly applied the law of the case doctrine when granting Ms. DiMaggio's motion for partial summary judgment.

## III

### Standard of Review

This Court reviews "Superior Court rulings with respect to summary judgment motions in a *de novo* manner." *Papudesu v. Medical Malpractice Joint Underwriting Association of Rhode Island*, 18 A.3d 495, 497 (R.I. 2011). In doing

so, we utilize "the same standards and rules used by the hearing justice." *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016) (quoting *Daniels v. Fluette*, 64 A.3d 302, 304 (R.I. 2013)). It is further well established that "[w]e review the evidence in a light most favorable to the nonmoving party and will affirm the judgment if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Lynch v. Spirit Rent-A-Car, Inc.*, 965 A.2d 417, 424 (R.I. 2009).

It is a fundamental principle that "[o]nce the party seeking summary judgment has alleged the absence of any disputed issues of material fact, the opposing party, to avoid summary judgment, must come forward with proof sufficient to establish the existence of a specific, material, triable fact." *Barrett v. Barrett*, 894 A.2d 891, 894 (R.I. 2006). We have explicitly stated that "[a]lthough summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that 'proves the existence of a disputed issue of material fact.'" *Sullo v. Greenberg*, 68 A.3d 404, 407 (R.I. 2013) (brackets omitted) (quoting *Mutual Development Corp. v. Ward Fisher & Company, LLP*, 47 A.3d 319, 323 (R.I. 2012)). We have further stated that "[d]emonstrating mere factual disputes will not defeat summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Henry v. Media General Operations, Inc.*, 254 A.3d 822, 835 (R.I. 2021) (quoting

*Deutsche Bank National Trust Company for Registered Holders of Ameriquest Mortgage Securities, Inc. v. McDonough*, 160 A.3d 306, 311 (R.I. 2017)).

Furthermore, and significantly, it is a basic principle that the party opposing summary judgment "will not be allowed to rely upon mere allegations or denials in [the] pleadings." *Bourg v. Bristol Boat Co.*, 705 A.2d 969, 971 (R.I. 1998). "Rather, by affidavits or otherwise [it has] an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." *Id.*; *see also Newstone Development, LLC*, 140 A.3d at 103; *The Providence Journal Company v. Convention Center Authority*, 774 A.2d 40, 46 (R.I. 2001).

**IV**

**Analysis**

Mr. Tucker challenges the ruling of the second hearing justice to the effect that the law of the case doctrine disposes of the arguments that were based on the lack of consideration and fraud in the inducement.

The law of the case doctrine "is a rule of practice, based on sound policy that, when an issue is once * * * decided, that should be the end of the matter." *Barrett v. Baylor*, 457 F.2d 119, 123 (7th Cir. 1972) (citing *United States v. United States Smelting, Refining & Mining Co.*, 339 U.S. 186, 198 (1950)); *see also Quillen v. Macera*, 160 A.3d 1006, 1012-13 (R.I. 2017). The doctrine states that "after a judge has decided an interlocutory matter in a pending suit, a second judge,

confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling." *Salvadore v. Major Electric & Supply, Inc.*, 469 A.2d 353, 356 (R.I. 1983). This Court has noted that "[t]he purpose of the law of the case doctrine is to ensure 'the stability of decisions and avoid unseemly contests between judges that could result in a loss of public confidence in the judiciary.'" *Chavers v. Fleet Bank (RI), N.A.*, 844 A.2d 666, 678 (R.I. 2004) (brackets omitted) (quoting *Commercial Union Insurance Co. v. Pelchat*, 727 A.2d 676, 683 (R.I. 1999)). Nevertheless, the law of the case doctrine "is a flexible rule that may be disregarded when a subsequent ruling can be based on an expanded record." *Id.* at 677.

## A

## The Alleged Lack of Consideration

The first hearing justice, in ruling on Mr. Tucker's motion for a preliminary injunction, held as a matter of law that Mr. Tucker's argument as to the lack of consideration failed because, pursuant to § 6A-3-303, "a promissory note provided to evidence an antecedent obligation, such as a debt, does not need to be supported by consideration independent of that which was previously furnished * * *."[5] In our opinion, the first hearing justice was correct in so holding.

---

[5] The Promissory Note provided: "Lender agrees that this Note consolidates the notes evidencing loans and advances made to Borrower by Lender * * *."

The second hearing justice, in granting Ms. DiMaggio's motion for partial summary judgment, referred to the legal ruling of the first hearing justice and proceeded to apply the law of the case doctrine and ruled that Mr. Tucker's lack of consideration argument failed as a matter of law.

On appeal, Mr. Tucker asserts that the second hearing justice erred in applying the law of the case doctrine because the standards for the two motions are different. Mr. Tucker's argument is unavailing because the first hearing justice had correctly held that Mr. Tucker's lack of consideration argument failed as a matter of law. For that reason, the different standards that govern motions for injunctive relief and motions for summary judgment are of no moment. Accordingly, we are of the opinion that the second hearing justice was correct in his application of the law of the case doctrine to the lack of consideration issue.

**B**

**The Alleged Fraud in the Inducement**

It is also our view that the second hearing justice correctly applied the law of the case doctrine with respect to Mr. Tucker's claim of fraud in the inducement. It is clear from the record that the first hearing justice ruled as a matter of law that Mr. Tucker had failed to show all the required elements on which a finding of fraud in the inducement could be based. In our opinion, that ruling of the first hearing justice was correct.

As such, when it came time for the second hearing justice to pass upon Ms. DiMaggio's motion for partial summary judgment, he quite properly looked to see whether Mr. Tucker had submitted anything relative to the fraud in the inducement claim other than his own affidavit, which did not add anything of factual significance to what had been before the hearing justice at the preliminary injunction hearing.

It should be emphasized that the first hearing justice found that Mr. Tucker had failed to establish the elements necessary to support a fraud in the inducement claim. It is to that ruling that the second hearing justice applied the law of the case doctrine. He then noted that Mr. Tucker had not in the intervening years caused the record to be expanded in a manner that might result in a different ruling as to the absence of proof of the necessary elements for a fraud in the inducement claim.

We have clearly stated that a party opposing a motion for summary judgment "will not be allowed to rely upon mere allegations or denials in [its] pleadings." *Bourg*, 705 A.2d at 971. "Rather, by affidavits or otherwise [that party has] an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." *Id.*; *see also* Super. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but an adverse party's response, by affidavits or as otherwise provided in

this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").[6]

Mr. Tucker's affidavit submitted in opposition to Ms. DiMaggio's motion for summary judgment simply reiterates his allegation that the Promissory Note was the product of fraud in the inducement. The affidavit completely fails to expand the record with respect to what the first hearing justice had held was insufficient proof of the elements of a claim of fraud in the inducement. *See Hexagon Holdings, Inc. v. Carlisle Syntec Incorporated*, 199 A.3d 1034, 1038 (R.I. 2019) ("[O]nce the moving party establishes 'the absence of a material factual issue, the party opposing the motion has *an affirmative duty* to establish either by affidavit or by other means the material issue of fact to be decided.'") (emphasis added) (quoting *Grissom v. Pawtucket Trust Co.*, 559 A.2d 1065, 1066 (R.I. 1989)). Mr. Tucker did not satisfy that obligation. Accordingly, we perceive no error in the second hearing justice's rejection of Mr. Tucker's fraud in the inducement claim on the basis of the law of the case doctrine.

---

[6] It should be recalled that there is a requirement of particularity when allegations of fraud are made. *See* Super. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."). It is clear that the drafters of Rule 9 deliberately made more onerous the pleading requirements for a party which alleges "fraud or mistake."

## V

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Debra DiMaggio v. Ethan Tucker. |
| **Case Number** | No. 2021-234-Appeal.<br>(PC 11-1302) |
| **Date Opinion Filed** | February 21, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard D. Raspallo |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Matthew T. Oliverio, Esq. |
| | For Defendant:<br><br>Andrew J. Tine, Esq. |