JOHN A. CARROLL *vs.* JOHN B. ALLEN, Town Treasurer.

PROVIDENCE—JUNE 19, 1897.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

A declaration alleged that a town, its servants and agents, being negligent of its duty, *caused* and *suffered* one of its highways to be and remain out of repair, and unsafe and defective :—

*Held*, that the language did not necessarily imply active and affirmative misconduct on the part of the town, its servants and agents, but that the negligence of the town resulted in or caused the dfeect.

Under Gen. Laws R. I. cap. 36, § 15, it is not necessary to allege in the declaration that a town had, or, by the exercise of proper care and diligence on its part, might have had, notice of the defect in its highway which caused the plaintiff's injury ; such allegation is necessarily implied in the charge of negligence.

TRESPASS ON THE CASE for the negligence of a town in permitting one of its highways to be out of repair. Certified from the Common Pleas Division on waiver of jury trial, and heard on demurrer to amended declaration.

---

TILLINGHAST, J.    The defendant demurred to the declaration in the Common Pleas Division and the demurrer was sustained by that court, with leave given plaintiff to amend.    No jury trial having been claimed, the case was thereupon certified to this division, after which the plaintiff filed what he denominates an "amended declaration," to which the defendant also demurs.

Treating the so-called "amended declaration" as having been incorporated into and now forming a part of the original declaration, as the pleader evidently intended it to be treated, we have before us for consideration said original declaration, which was held to be bad by the Common Pleas Division, together with the amendment thereto.

The declaration alleges that it was the duty of the defendant town to keep the highway in question in good repair and safe for travelers with their carriages at all times ; that it so negligently performed said duty, and so carelessly suffered the highway in question to be and remain out of repair, that a large hole or cavity was formed and left in the driveway thereof, and that by reason of said hole or cavity the wagon in which the plaintiff was riding, and which was being driven properly and with due care, suddenly and without notice struck into said hole or cavity, and the plaintiff was thrown to the ground from said wagon and his right arm broken at the wrist, and he was otherwise injured.    It also avers that a claim for compensation for said injuries was presented to the town council of said town ; that more than forty days have elapsed since said presentation, and that no satisfaction has been granted.

The amendment alleges the duty of the town as aforesaid ; its neglect to perform the same ; the defective condition of the highway ; the fact that the town had due notice of the time, place, and cause of said injury ; that said notice was given as required by statute ; that no satisfaction had been rendered to the plaintiff therefor, within forty days ; and also, in order to meet the objection of the Common Pleas Division to the original declaration, "that said town, its agents and servant, by the exercise of proper care and diligence on its

part, might have had notice, and said defect and want of repair might have been remedied by the defendant."

We think the declaration, although inartificially drawn, is not so defective as to be demurrable on the grounds alleged by defendant, the principal one of which is that the claim for damages is based upon two distinct and different grounds, viz: (1) That it is charged that the town " *caused* " said highway to be and remain out of repair, &c.; and (2) That it "*suffered*" the same to be and remain out of repair, &c. The language used is that " said town of Warwick, its servants and agents, being wholly regardless and negligent of its duty in this respect, *caused* and *suffered* said highway to be and remain out of repair and unsafe and defective." We do not think the word " *caused* " in the above connection necessarily implies active and affirmative misconduct on the part of the town, its servants and agents, as contended by defendant's counsel. In other words, we do not think it necessarily means that the town actually dug, or caused to be dug, in said highway, the hole in question, but simply that the negligence of said town resulted in or caused the defect in question, and hence that the objection thereto is not well taken.

While no exception was taken to the ruling of the Common Pleas Division in sustaining the demurrer to the original declaration, so that said ruling is not strictly before us for review, yet, as we are called upon to decide whether the declaration as amended is sufficient, it is necessary to consider it in its entirety. The ground upon which the demurrer was sustained was that the declaration did not allege that the town had reasonable notice of the defect in question, or that it might have had notice thereof by the exercise of proper care and diligence on its part. The rescript which was filed in the case shows that the court held that such an allegation is necessary in view of Gen. Laws R. I. cap. 36, § 15,[1] which pro-

---

[1] Sec. 15. If any person shall receive or suffer bodily injury or damage to his property by reason of defect, want of repair, or insufficient railing, in or upon a public highway, causeway or bridge, in any town which is by law obliged to repair and keep the same in a condition safe and convenient for travelers with their teams, carts and carriages, which injury or damage might have been pre-

vides that a town shall be liable for damages sustained by reason of a defective highway which it is bound to keep in repair, "if such town had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence on its part." We do not think such an allegation is necessary. The charge that the town had notice of the defect, either actual or constructive, is necessarily involved in the charge of negligence. If it did not have notice, then it was not guilty of negligence, and hence there is no occasion for a separate allegation of that sort.

As the other grounds of demurrer are based upon the theory that the original declaration is not before us, which is not in accordance with the view which we have taken, as above indicated, it is not necessary to consider them, said original declaration containing most of the allegations which the demurrer alleges are lacking in the amended declaration.

Demurrer overruled.

*Hugh J. Carroll,* for plaintiff.
*Albert R. Greene,* for defendant.

---

vented by reasonable care and diligence on the part of such town, he may recover, in the manner hereinafter provided, of such town the amount of damage sustained thereby, if such town had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence on its part.