123

Lederer Realty Corporation et al.
vs.                    Eq. No. 4349
Bradford Campbell et al.
March 22, 1918

BARROWS, J. This is a bill in equity to establish a so-called vendee's lien to enforce repayment of the purchase price paid at a void administrator's sale of realty. It is heard on prayer for a preliminary injunction against Henry M. Boss, Administrator d. b. n. of James Campbell, and Bradford Campbell, who holds the legal title of said realty by virtue of a deed from the heirs of James Campbell.

The bill alleges that complainant bought at administrator's sale, for $16,500, a certain piece of real es-

tate; that the sale was made pursuant to an order of the Probate Court, which order was subsequently set aside as void; that complainant took and held possession of the premises until recently, when Bradford Campbell ejected it from two-thirds thereof and threatens to eject it from the other third; that the administrator has in his possession the proceeds of the purchase price and other funds that the estate of James Campbell is insufficient to pay the claims allowed against it and to reimburse this complainant, and that there is pending in the Probate Court a petition by the administrator to sell said real estate to pay decedent's debts.

The bill seeks to enjoin the administrator from making any payments until he has reimbursed complainant and to prevent Bradford Campbell form ejecting complainant from the balance of the premises, and to oust said Campbell from the portion of the premises now held by him. It asserts that complainant has a vendee's lien upon said real estate until it is reimbursed by the administrator.

Legal title to the real estate is in respondent Campbell. Complainant has no color of title. It urges, however, that because of the pendency in the Probate Court of a petition to

sell the real estate, Bradford Campbell got no substantial interest from the heirs of James Campbell. It suggests that the contest is actually between complainant and the creditors of James Campbell. While admitting that administrator Boss has on hand an ample amount of money from which to reimburse complainant, it suggests the possibility of the loss of this money by reason of failure of the depository or other cause beyond Boss' control.

Complainant refers to 18 Cyc. 818, and cases there cited. These cases hold that one who has paid money

to an administrator for real estate sold at a void judicial sale is entitled to reimbursement and can have the amount paid by him charged as a lien on the land. In all of these cases the administrator was no longer in possession of the purchase price or its proceeds. He had paid the money over to the creditors of the deceased. Under such circumstances, by a doctrine analogous to subrogation, the purchaser at the void sale whose money has gone to pay creditors of the deceased is allowed, as against the administrator, to stand in the shoes of the creditors. The administrator's right to ask for a sale of real estate to pay debts is turned into an equitable lien upon the land in favor of the purchaser.

24 Cyc. 70.

This right has been called a vendee's lien.

We are also referred to Cosgrove vs. Metz, 37 Atl. 704 (R. I. 1897), as recognizing the principle of reimbursement.

We believe the principle of reimbursement is established in cases of void judicial sales, but no case has been found which held the heirs to be a surety for the reimbursement of the purchaser when no part of the purchase price has inured to the heir's benefit. The cases rest on the doctrine of unjust enrichment to the heir, because the purchase price has been used to relieve the real estate of an obligation which it otherwise would have been called upon to satisfy.

In the present case respondent Boss has, by complainant's admission, ample funds to reimburse complainant and the bill states that he has the proceeds of this void sale. To give complainant a lien on respondent Campbell's real estate, which respondent Boss has not now or may never have any right to sell, goes beyond any equity that we perceive. We see no reason why complainant

should longer continue to hold said property until the administrator makes the restitution which he is in a position to do and which equity demands. Respondent Campbell has no control over the administrator's actions and we see no reason to make him an involuntary surety for them. Under such facts we see no opportunity to consider the doctrine of balance of convenience urged by complainant.

The injunction sought against respondent Boss may be granted; that against respondent Campbell is denied.

For complainants: Murdock & Tillinghast.

For respondents: William J. Brown.