FRANK A. WILLIAMS *vs.* HOWARD V. ALLEN, Town Treas.

JUNE 28, 1921.

PRESENT:   Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

*(1)   Requests to Charge.   Trial.*

The multiplication, without necessity of requests to charge is a hindrance to the orderly procedure of a trial and tends to create confusion and to obscure the real issues in a case.

*(2)   Public Highway.   Duty of Town to Repair.*

To show the establishment of a public highway under the common law, the following facts must be proved:   (a) the right of the public to use the highway, established by immemorial or long continued public use;   (b) the liability of the town to repair the highway, which is created only by some act of acquiescence or adoption by the town, as by assumption by the town of the duty to repair the way and the actual repairing of the same from time immemorial.

*(3)   Public Highways.   Repairs.   Municipal Corporations.*

The significance of such repairs as were made by a town to a small country highway should be judged with reference to the nature and extent of repairs customarily made by the town on other similar highways at different times.

*(4)   Municipal Corporations.   Repairs to Public Highways.*

Of necessity in many cases adequate proof of immemorial repair can only be made by proof of a number of different and separate acts by the town.

*(5)   Municipal Corporations.   Public Highways.   Constructive Notice of Defects.*

A town is held liable for injury to one traveling upon a public highway if it had reasonable notice of the defect, or might have had notice by the exercise of proper care and diligence on its part.

*(6)   Public Highways.   Municipal Corporations.   Maintenance of Traveled Ways.*

Charge that a town was not required to work a road to its full width, but was only required to keep it safe for travelers for a suitable width and that having taken a view of the way it was for the jury to decide whether the way had been properly maintained for a sufficient width, was correct.

*(7)   Trial.   Special findings.*

It is not the right of a party to have a special finding on every issue in a case, and it was not error for the court to refuse to submit special findings, where the decision of such proposed issues would not be decisive of plaintiff's right nor necessarily affect the general verdict.

TRESPASS ON THE CASE for negligence against a town. Heard on exceptions of defendant and overruled.

STEARNS, J.　This is an action on the case for negligence, brought against the town of Warwick to recover damages for personal injuries suffered by plaintiff which were caused by a defect in a highway in said town.　The highway, now known as Church avenue and formerly as Meeting House Lane, is a dirt road about a mile and a half in length, the traveled part of which is from six to eight or ten feet in width; it runs east and west between Warwick avenue and West Shore Road, two main line highways which run north and south.

On the afternoon of July 23, 1917, plaintiff, a grocer, was driving his horse and delivery wagon on Church avenue. As he approached the junction of Warwick avenue an automobile truck turned into Church avenue from Warwick avenue.　As the traveled and worn part of the way was not sufficiently wide for the vehicles to pass thereon, plaintiff turned partially out of the traveled way to his right onto the grass at the side of the dirt road.　The driver of the truck also turned partially out of the traveled part of the way to his right and onto the grass on his side of the road, each driver giving to the other a fair part of the traveled way.　Both vehicles were proceeding at a proper rate of speed.　After the vehicles had passed each other, as the plaintiff started to return to the middle of the dirt road, the front right-hand wheel of his wagon struck a large stump or log which was lying loose on the ground, and as a consequence plaintiff was thrown to the ground and was seriously injured.　The stump was three or four feet in length, twelve to fourteen inches thick on one end, tapering to five or six inches at the smaller end which was the end near the road. It was lying at right angles with the dirt road, about eighteen inches from the edge of the dirt road, and was covered with grass and bull briars.　It appears that one Smith, the owner of the land adjacent to this part of the way, in the spring of the year preceding the accident, had been blasting stumps on his land and that a number of stumps and logs at that time had been blown into the highway.　Some of the stumps

were removed but it was claimed that this particular stump had not been removed but had been left at the side of the road.

The case was tried by a jury who found a verdict for the plaintiff. The defendant's petition for a new trial was denied by the trial justice. The case is now in this court on defendant's bill of exceptions.

At the trial defendant presented to the trial justice twenty-five requests for instructions to the jury, many of which the trial justice refused to give to the jury. Defendant took some seventy exceptions, a few only of which were waived in this court. Many of the exceptions are of no importance; others were taken to the refusal of the court to charge in the precise form requested by defendant, although the court had correctly instructed the jury on the questions of law in issue.

(1) The multiplication, without necessity, of requests to the court to give instructions to the jury is a hindrance to the orderly procedure of a trial by jury and tends to create confusion and to obscure the real issues in a case. In *Faccenda v. R. I. Co.*, 43 R. I. 199, this court expressed its disapproval of such procedure and called attention to some of the evils thereof. In the circumstances there is no occasion to examine each exception in detail.

The defendant in its brief has summarized its objections and we will consider the general questions as thus presented. Defendant claims that the finding of the jury that Church avenue was a public highway which the town was obliged to keep in repair, was against the law and the evidence. We find no merit in this objection. It was claimed that this was a public highway established under the common law. To establish a right of recovery, plaintiff was required (2) to prove: (a) the right of the public to use the highway, established by immemorial or long continued public use; (b) the liability of the town to repair the highway, which is created only by some act of acquiescence or adoption by the town, as for example the assumption by the town

of the duty to repair the way and the actual repairing of the same from time immemorial. *State* v. *Town of Cumberland*, 6 R. I. 496; *Hampson* v. *Taylor*, 15 R. I. 83; *Stone* v. *Langworthy*, 20 R. I. 602; *Eddy* v. *Clarke*, 38 R. I. 371. The evidence of public user was strong and convincing. The evidence of public maintenance was convincing although not so strong as the evidence of public user. Church avenue is a small country highway. The significance of such repairs as were made very properly should be judged with reference to the nature and extent of repairs customarily made by the town on other similar highways at different times. Of necessity in many cases adequate proof of immemorial repair can only be made by proof of a number of different and separate acts by the town. The town for years had opened up this avenue for travel after heavy snowstorms. This action alone is not sufficient to establish the assumption by the town of the duty to repair but considered in connection with the evidence of repairs actually made or authorized by the town, with evidence tending to show that the town for years had included Church avenue in one of its highway districts, and evidence tending to show that an abutting owner had been assessed for a road tax for repairs on this way, such combined evidence was sufficient proof of the assumption by the town of the duty to repair.

Defendant also contends that the jury was misled by one part of the charge of the court in which the court charged that the jury *might* consider whether or not the town had recognized the way as a public highway. From the context, as well as from other parts of the charge, we think it is clear that the jury was not misled. The court charged to hold the town liable, plaintiff was required to prove that immemorial repairs had been made by the town. There was no error in this respect.

Defendant claims that the evidence is not sufficient to prove constructive notice. The town is held liable if it had "reasonable notice of the defect, or might have had notice

thereof by the exercise of proper care and diligence on its part." (Chap. 46, Sec. 15, Gen. Laws.) Defendant argues that the obstruction was latent and that to hold it to be the duty of the town to find all such obstructions by either mowing or cutting the vegetation at the side of the road would impose an unfair burden upon the town. Although the obstruction in the summer may have been latent, in the sense that it was hidden from view at that season, it was not hidden in the winter months. There is evidence that this stump had been lying on the ground in the same place near the traveled part of the way for more than a year prior to the accident and had been seen by at least one witness many times; that during the fall, winter and early spring the stump was plainly visible; in the summer it was almost entirely covered by grass and brambles. Opposed to this is the testimony of a number of witnesses, who passed through this way at different times, that they had never noticed the log. This issue was one of fact for the jury, and the evidence is sufficient to prove constructive notice.

Another general objection is that the jury was improperly instructed in regard to the duty of the town in the maintenance of traveled ways. The trial justice in substance charged the jury that the town was not required to work a road to its full width, but was only required to work the road and to keep it safe and convenient for travelers for a suitable width; that, having taken a view of the way, it was for the jury to decide whether in the particular case the way had been properly maintained for a sufficient width. The question was one of fact for the jury and the instruction to the jury was correct. *Foley* v. *Ray*, 27 R. I. 127; *Taylor* v. *Winsor*, 30 R. I. 44.

Defendant excepts to the refusal of the trial justice to submit two special findings to the jury.

1. Was the stump or log of wood left within the limits of Church avenue by Patrick J. Smith or anyone employed by him?

2. If the preceding question is answered in the affirmative did said stump or log of wood remain within the limits of Church avenue up to the time of the accident to the plaintiff?

Prior to the trial defendant notified Smith to appear and defend the suit and stated to him it was informed that the stump had been left by said Smith in the highway. Smith's counsel was present throughout the trial but took no part therein. Defendant's contention is that if it is forced to pay it is entitled to reimbursement, and in support of its position cites *Bennett* v. *Fifield*, 13 R. I. 139; *Hill* v. *Bain*, 15 R. I. 75; *City of Pawtucket* v. *Bray*, 20 R. I. 17. In none of these cases was the question of the existence of the public highway in issue. But in the case at bar that was one of the fundamental issues and, as stated in *Pawtucket* v. *Bray*, the only ground upon which the alleged wrongdoer (in this case Smith) could assume the defense of the suit against the town, is the right of the town to call on him for reimbursement. The defendant's position is inconsistent. It opposes plaintiff's claim on the ground that the way is not a public highway. At the same time and at the same trial it seeks to compel Smith to defend the case and to hold him liable in case of a recovery by plaintiff, on the ground that the way is a public highway. So far as plaintiff's right to recover is concerned it was not necessary to prove that the log was left in the highway by Smith. If the log had been there for such a length of time in such condition as to charge the town with constructive notice, that was sufficient for plaintiff's case. By Chapter 291, Sec. 6, Gen. Laws, it is provided that the court may, and upon request of either party shall, direct the jury to return a special verdict upon any issue submitted to the jury. Such issues shall be settled by the trial justice and either party may except to his rulings thereon. In each case, in addition to the special findings, the jury shall find a general verdict. One purpose of this provision is to direct the attention of the jury specifically to the decision of an issue which has a direct relation to the

general verdict and which is of such importance that the correctness of the general verdict may properly be tested by the propriety of the special finding.   But it is not the right of a party to have a special finding on every issue in a case.   In the case at bar the decision of neither of the proposed issues would be decisive of plaintiff's right, nor would such decision necessarily affect the general verdict.   In *Reid* v. *R. I. Co.*, 28 R. I. 321, which was an action for negligence, the trial court at the request of counsel submitted three special findings to the jury in addition to the main issue in the case.   The jury found a general verdict in favor of the plaintiff and in addition therein stated that they were unable to answer the special finding.   It was held that although the court erred in not insisting upon a special finding on the issues submitted to the jury, yet as the special issues although relevant were not material to or decisive of the main issue, such error was not reversible error.   The exceptions to this action of the trial court are overruled.

All of the other exceptions are overruled and the case is remitted to the Superior Court for judgment on the verdict.

*Washington R. Prescott, Frank Steere*, for plaintiff.
*Harold R. Curtis*, for defendant.