Michael P. Lynch, Westerly, for Plaintiff.

Melody A. Alger, Providence, for Defendant.

Before BOUCIER, FLANDERS and GOLDBERG, JJ.

## Terri SULLIVAN

v.

## TOWN OF COVENTRY et al.

### No. 96–483–Appeal.

Supreme Court of Rhode Island.

Feb. 2, 1998.

**OPINION**

PER CURIAM.

This case concerns the sufficiency of the lack-of-notice evidence adduced by a municipality in support of a summary-judgment motion that it filed to defeat a negligent-road-maintenance claim brought by an injured motorist. The plaintiff, Terri Sullivan, appeals from a Superior Court order granting summary judgment to the defendant, the town of Coventry (the town). The plaintiff claimed that the town had been negligent in not keeping a public roadway in the town safe for motorists like her. However, a hearing justice granted the town's summary-judgment motion on the basis that the town had no notice of the alleged unsafe road condition. This court ordered the parties to show cause why the appeal could not be decided summarily. After reviewing their legal memoranda and considering their oral arguments, a panel of this court concludes that no

cause has been shown and that the appeal can be decided at this time.

The plaintiff claimed that she was driving with her two children on Franklin Road—a narrow, winding rural road in the town—when her van was hit by a vehicle traveling in the opposite direction. She alleged that her view was obstructed by large shrubs and bushes hanging into and over the road as she was rounding a curve. According to plaintiff, the shrubbery and bushes blocked each driver's view of oncoming traffic and caused the accident.

In due course plaintiff filed suit against the driver and the owner of the other vehicle and the town. After plaintiff voluntarily dismissed her claims against the driver and owner of the other vehicle, the only parties remaining were plaintiff and the town.

On April 22, 1996, a little over one year after having been sued, the town filed a motion for summary judgment. In its memorandum in support of the motion, the town relied upon the defense of municipal immunity under the public-duty doctrine as the sole ground for seeking summary judgment. In her memorandum opposing summary judgment, plaintiff contended that the public-duty doctrine was inapplicable because Coventry was statutorily liable for its negligence pursuant to, inter alia, G.L.1956 § 45–15–8. On May 13, 1996, a Superior Court hearing justice heard arguments from the parties. However, the arguments focused not on the public-duty doctrine but on the question of whether the town could be held liable under either § 45–15–8 or any other statute for its alleged failure to trim and maintain the vegetation along Franklin Road. After the docketing of this appeal we ruled that G.L.1956 §§ 24–5–1, 31–1–23, and 45–15–8 do place a duty upon a town to maintain vegetation located within the boundary lines of a highway. *See O'Gara v. Ferrante,* 690 A.2d 1354 (R.I.1997) (per curiam).

At the Superior Court hearing the town contended in the alternative that it had no notice of the defect as is required under § 45–15–8, which reads as follows:

"If any person shall receive or suffer bodily injury or damage to that person's property by reason of defect, want of repair, or insufficient railing, in or upon a public highway, causeway, or bridge, in any town which is by law obliged to repair and keep the same in a condition safe and convenient for travelers with their vehicles, which injury or damage might have been prevented by reasonable care and diligence on the part of the town, the person may recover, in the manner hereinafter provided, from the town, the amount of damages, sustained thereby, *if the town had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence on its part.*" (Emphasis added.)

In support of its alleged lack of notice the town relied upon an affidavit signed by Sheila Patnode (Patnode), a town employee responsible for maintaining the town's public-works records. Patnode's affidavit stated that she also was responsible for reviewing complaints made to the town regarding the roads and that the town had received "no complaints with respect to the condition of Franklin Road or the vegetation adjacent to Franklin Road prior to [plaintiff's] accident."

The plaintiff claims that her attorney was first advised of the existence of this affidavit at the summary-judgment hearing.[1] However, plaintiff failed to object at the hearing regarding the untimeliness of the affidavit and made no mention of having any other objection thereto. As a result the hearing justice granted the town's motion for summary judgment, stating that

"[T]he Court thinks that the town, in fact, has made out an appropriate case for summary judgment based on the facts presently before it, with specific reference to the

---

1. Although a certification clause at the bottom of the affidavit states that it was mailed to plaintiff's counsel on April 29, 1996, the notary who witnessed Patnode's signing dated her signature as of May 1, 1996. And the affidavit is date-stamped by the court clerk as having been filed with the court on Friday, May 10, 1996. (The hearing was held on Monday, May 13, 1996.) In any event, this affidavit was not served with the town's April 22, 1996 summary-judgment motion and it was therefore untimely. *See* Rule 6(c) of the Superior Court Rules of Civil Procedure ("[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion").

notice provision and the fact that there is before the Court an affidavit unanswered by you. So, summary judgment may issue."

Summary judgment should be granted only if an examination of all the pleadings, affidavits, admissions, answers to interrogatories, and other materials viewed in the light most favorable to the party opposing the motion reveals no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Nichola v. John Hancock Mutual Life Insurance Co.,* 471 A.2d 945, 947–48 (R.I.1984). In reviewing the grant of a motion for summary judgment, this court applies the same standard that the hearing justice should apply. Only when the record reveals no issues of material fact, and the moving party is entitled to judgment as a matter of law, will this court uphold a hearing justice's order granting a summary judgment. *Banks v. Bowen's Landing Corp.,* 522 A.2d 1222, 1224 (R.I. 1987). Furthermore, a litigant opposing a properly supported motion for summary judgment has the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest upon mere allegations or denials in the pleadings, conclusory statements, or legal opinions. *Manning Auto Parts, Inc. v. Souza,* 591 A.2d 34, 35 (R.I.1991).

■ The plaintiff claims that if she had known that the town intended to argue its alleged lack of notice of the road defect at the summary-judgment hearing rather than the public-duty doctrine that it relied upon in its supporting memorandum, she would have submitted circumstantial evidence of such notice, including the town's prior maintenance and trimming of the complained-of vegetation. However, plaintiff failed to raise any objections to the town's notice arguments at the hearing and specifically failed to object to the untimely filed affidavit. Moreover, plaintiff could have, but did not, move for a continuance pursuant to Rule 56(f) of the Superior Court Rules of Civil Procedure to obtain additional affidavits or discovery needed to oppose the town's newly argued lack-of-notice assertion. *See Grissom v. Pawtucket Trust Co.,* 559 A.2d 1065, 1066 (R.I.1989);

*People's Trust Co. v. Searles,* 486 A.2d 619, 621 (R.I.1985). However, instead of objecting or seeking a continuance, plaintiff argued the merits of the summary-judgment motion without raising any issue concerning the late filing of the affidavit or the need for more time to respond thereto. As a result plaintiff has waived any objection she may have had to being unfairly surprised by the town's affidavit and to its arguments regarding its alleged lack of notice.

Nevertheless, we conclude that the hearing justice erred in granting summary judgment. The hearing justice appears to have granted the motion on the basis of his belief that no material issues of fact existed regarding whether the town had either actual or constructive notice of the supposedly neglected vegetation along the road. However, the court's ruling was premised upon an affidavit that states only that the town had never received any complaints regarding the road. But it is silent concerning whether the town "might have had notice thereof by the exercise of proper care and diligence on its part." Section 45–15–8.

■ In *Steinberg v. State,* 427 A.2d 338 (R.I.1981), this court stated that "[i]t is not * * * an absolute requirement of Rule 56 that the nonmoving party file an affidavit in opposition to the motion for summary judgment. If the affidavit of the moving party does not establish the absence of a material factual issue, the trial justice should deny the motion for a summary judgment despite the failure of the nonmoving party to file a counteraffidavit." *Id.* at 340 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159–60, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142, 155 (1970)).

In this case, as the moving party, the town was required to submit evidence or to direct the court to that part of the record showing that it had no notice of the allegedly defective condition and that it would not have had notice thereof even by the exercise of proper care and diligence on its part. At the very least, the summary judgment movant must aver in its supporting documents that the record does not contain the requisite evidence to carry plaintiff's burden of establishing a prima facie case on the notice issue.

*See generally* 1 Kent, *R.I. Civ. Prac.,* § 56.4 at 419 (1969) ("the moving party bears the burden on a motion for summary judgment, whether or not [said party] would bear the burden of proof on the issue in question at a trial of the cause"); *see also* 11 *Moore's Federal Practice* § 56.13[1], at 56–138 (3d ed.1997).

The town's affidavit, however, was not served with its motion and did not address these material-notice issues but only established that no notice had been received in the form of complaints to the town. Although plaintiff has the burden at trial of proving that the town had such notice, she need not do so by showing the existence of complaints to the town about the roadway. *See Williams v. Allen,* 44 R.I. 14, 17–18, 114 A. 138, 140 (1921) (deciding that a witness to an allegedly obvious tree stump along town road was sufficient evidence to satisfy plaintiff's burden and to survive defendant's new trial motion); *Carroll v. Allen,* 20 R.I. 144, 37 A. 704 (1897) (under the predecessor to § 45–15–8, plaintiff was deemed to have satisfied the burden of pleading notice by a general allegation of negligence). Indeed, plaintiff contends that she intends to prove such notice through circumstantial evidence of the town's past maintenance and trimming of the vegetation in this area. But the town's affidavit failed to show the absence of a material issue of fact vis-à-vis its claimed lack-of-notice by failing to negate the possibility that it might have obtained notice of the allegedly defective roadway by some means other than complaints; for example, by its own exercise of proper care and diligence. And the town made no timely averment indicating that plaintiff's theory of constructive notice lacked support in the record, much less did it negate its own possible knowledge of the allegedly hazardous condition derived from its employees' potential familiarity with the condition of the vegetation in this area.

██ In construing the predecessor to § 45–15–8,[2] this court held in *Williams v. Allen* that it was a jury question whether the town had notice of a partially hidden tree stump in the vegetation abutting a roadway. 44 R.I. at 18, 114 A. at 140. We similarly hold that because the town failed to carry its summary-judgment burden of establishing that no genuine issue of material fact existed relative to its lack of notice, the question of notice is one for the jury. Thus, the hearing justice erred in granting summary judgment on that basis, notwithstanding the fact that the plaintiff failed to submit an affidavit or other evidentiary material addressing this issue.

For the foregoing reasons the plaintiff's appeal is sustained, the entry of the summary judgment is vacated, and the case is remanded to the Superior Court for further proceedings.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.

---

**2.** G.L.1909, tit. 8, ch. 46, § 15. The notice requirement in this former version is identical to that contained in G.L.1956 § 45–15–8.