Stephanie GEORGE

v.

Faeze FADIANI, D.M.D. et al.

No. 2000–60–Appeal.

Supreme Court of Rhode Island.

May 30, 2001.

Henry J. Almagno, Providence, Beverly Russo Ouellet, Cranston, for Plaintiff.

Richard R. Beretta, Jr., Seth Bowerman, Providence, Todd D. White, Needham, Massachusetts, for Defendant.

Present: LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In this dental malpractice action, plaintiff Stephanie George (Ms. George) seeks to hold defendant, Oaklawn Family Dental, Inc. (Oaklawn), vicariously liable for the alleged torts of orthodontist and co-defendant, Dr. Faeze Fadiani (Dr. Fadiani).[1] Following a hearing in the Superior Court, a hearing justice granted summary judgment in favor of Oaklawn and entered judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. Ms. George appeals from that judgment.

After a conference before a single justice of this Court, the parties were directed to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted, we are of the opinion that cause has not been shown and that the issues raised in this appeal should be decided at this time.

### Facts/Procedural History

In 1992, Ms. George made an appointment for orthodontic treatment with Dr.

---

1. The plaintiff's action against Dr. Fadiani is not at issue in this appeal.

Fadiani at Oaklawn. Doctor Fadiani, an orthodontics specialist, informed Ms. George that treatment would take approximately eighteen months. Four years later, treatment still was not complete and the problem had not been corrected. In her complaint, Ms. George alleged that Oaklawn Dental was negligent both in hiring Dr. Fadiani and in failing to warn her of Dr. Fadiani's incompetency.

Oaklawn filed a motion for summary judgment, asserting that it could not be held vicariously liable for Dr. Fadiani's actions because Dr. Fadiani was an independent contractor over whom Oaklawn never had exercised any control. In addition, Oaklawn contended that Ms. George was collaterally estopped from litigating any employer/employee relationship because that issue already had been determined by a court of competent jurisdiction within the State of Rhode Island.

At the hearing on Oaklawn's motion for summary judgment, Ms. George, in open court, filed for the first time her objection to the summary judgment motion. An accompanying affidavit also was filed. A copy of these papers was faxed to defense counsel's office on the night before the hearing, specifically, on Sunday, December 12, 1999, at 10:22 p.m. After hearing the arguments of counsel, the trial justice entered summary judgment in favor of Oaklawn. He found that Ms. George was collaterally estopped from asserting that Dr. Fadiani was employed by Oaklawn. In addition, he found that Dr. Fadiani was an independent contractor over whom Oaklawn exercised little, if any, direction or control.

## Standard of Review

■ "When reviewing a summary judgment, we do so on a de novo basis, applying the same legal criteria as the trial court." *Kiley v. Patterson*, 763 A.2d 583,

585 (R.I.2000). "Only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's order granting summary judgment." *Id.* (quoting *J.R.P. Associates v. Bess Eaton Donut Flour Co.*, 685 A.2d 285, 286 (R.I.1996)). In addition, this Court reviews *de novo* the findings of a trial justice on questions of law. *See Casco Indemnity Co. v. O'Connor*, 755 A.2d 779, 782 (R.I.2000). Because "[t]he determination of whether collateral estoppel should be applied presents a question of law * * * we shall review this issue *de novo*." *Id.*

## Collateral Estoppel

■ In his decision, the hearing justice relied upon a previous District Court decision to determine that Ms. George was collaterally estopped from asserting that Dr. Fadiani was employed by Oaklawn. In that case, a District Court judge had rejected the Rhode Island Department of Employment Security's contention that Oaklawn was an employer for purposes of employment tax liability. However, we believe that the trial justice's reliance on the District Court decision was misplaced.

■ "Under the doctrine of collateral estoppel, 'an issue of ultimate fact that has been actually litigated and determined cannot be re-litigated between the same parties or their privies in future proceedings.'" *Casco*, 755 A.2d at 782 (quoting *Commercial Union Insurance Co. v. Pelchat*, 727 A.2d 676, 680 (R.I.1999)). "In order for collateral estoppel to apply, three factors must be present: 'there must be an identity of issues; the prior proceeding must have resulted in a final judgment on the merits; and the party against whom collateral estoppel is sought must be the

same as or in privity with the party in the prior proceeding.'" *Id.* A mechanical application of this doctrine is "'capable of producing extraordinarily harsh and unfair results'" consequently, "'collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate that issue in the earlier case.'" *Id.* at 782–83.

From the facts before us, it is clear that Ms. George never was a party to the District Court case. Equally clear is that she never was in privity with the parties involved in that prior proceeding. Consequently, the trial justice erred in collaterally estopping her from asserting that Dr. Fadiani was employed by Oaklawn.

### Apparent Authority

█ In her objection to Oaklawn's motion for summary judgment, Ms. George asserted that Oaklawn held itself out to her and to the public-at-large as a provider of dental services. She averred that there was an ongoing relationship between her and Oaklawn, and that she reasonably believed that Oaklawn was providing her dental services. As previously noted, Ms. George's objection to the motion for summary judgment was filed in open court.

In her accompanying affidavit, Ms. George asserted that she had been receiving dental treatment at Oaklawn for many years and that her regular dentist at Oaklawn recommended to her that she seek orthodontic treatment. Subsequently, the receptionist at Oaklawn set up the appointment between Ms. George and Dr. Fadiani. All billing notices for the orthodontic treatment were written on Oaklawn stationary and all payments were made to Oaklawn at Oaklawn's front desk.

At the hearing, counsel for Oaklawn pointed out that he did not receive Ms. George's memorandum and affidavit until the previous night and that "he scrambled to take a look at it." Defense counsel then proceeded to argue the merits of the case.

█ "Rule 56(c) provides that on a motion for summary judgment '[t]he adverse party prior to the day of hearing may serve opposing affidavits.'" *Nichola v. John Hancock Mutual Life Insurance Co.,* 471 A.2d 945, 946 (R.I.1984). It is within the trial justice's discretion to admit untimely affidavits, and we review that decision only for an abuse of discretion. *See id.* (finding that the trial justice's refusal to consider an affidavit and memorandum filed on the morning of the hearing was not abuse of discretion when the plaintiffs had approximately four and one-half months during which to respond to the defendants' motion for summary judgment).

In the present case, Oaklawn filed its motion for summary judgment on January 29, 1999. Approximately ten and one-half months later, on December 13, 1999, Ms. George filed her objection and affidavit in open court. The trial justice certainly would not have abused his discretion had he refused to consider her affidavit. However, it is not clear from the record whether the trial justice refused to consider the affidavit or merely considered and then rejected it. Regardless, the record reveals that Oaklawn may have "waived any objection [it] may have had to being unfairly surprised by [Ms. George's] affidavit and to its arguments regarding its alleged lack of notice" when it argued the merits of the motion instead of either specifically objecting to the untimely filed affidavit or moving for a continuance, pursuant to Rule 56(f) of the Superior Court Rules of Civil Procedure. *Sullivan v. Town of Coventry,* 707 A.2d 257, 259 (R.I.1998).

 Ultimately, however, it is not determinative in this case whether the trial

justice considered the affidavit, or whether Oaklawn waived its objection and failed to move for a continuance because, "[i]f the affidavit of the moving party does not establish the absence of a material factual issue, the trial justice should deny the motion for a summary judgment despite the failure of the nonmoving party to file a counteraffidavit." *Sullivan,* 707 A.2d at 259. As we have stated previously, " '[i]t is not * * * an absolute requirement of Rule 56 that the nonmoving party file an affidavit in opposition to the motion for summary judgment.' " *Id.*

■■■ To sustain an action for medical-malpractice against a professional medical corporation based on the theory of apparent authority, the plaintiff must satisfy the following three criteria:

> "The patient must establish (1) that the [professional medical corporation], or its agents, acted in a manner that would lead a reasonable person to conclude that the physician was an employee or agent of the hospital, (2) that the patient actually believed the physician was an agent or a servant of the [professional medical corporation], and (3) that the patient thereby relied to his detriment upon the care and skill of the allegedly negligent physician." *Rodrigues v. Miriam Hospital,* 623 A.2d 456, 462 (R.I.1993).

Such a determination necessarily involves a fact-intensive inquiry. Crucial to any such determination is the manner in which the medical professionals conduct themselves or hold themselves out.[2]

In the present case, the trial justice granted Oaklawn's motion for summary judgment on the basis that Dr. Fadiani was an independent contractor. However, in her affidavit, Oaklawn's office manager, Kathleen Taft, stated that Oaklawn has no obligation to compensate its medical professionals except for "an agreed share of the commission *obtained by Oaklawn from the patient* [, and that *i]f Oaklawn is unable to collect payment for services rendered to a patient,* the [medical professional] who provided treatment to that patient would not be compensated * * *." Thus, by its own admissions, it is Oaklawn, and not the treating medical professional, that bills and collects payments from the patients for services rendered. Such evidence could lead a reasonable person to conclude that the medical professionals were employees or agents of Oaklawn. Consequently, Oaklawn's own affidavit does not establish the absence of a material factual issue, namely, its apparent authority over Dr. Fadiani. Considering that this issue was not addressed below, we conclude that the grant of summary judgment was premature.

Consequently, for the foregoing reasons, we sustain Ms. George's appeal and vacate the summary judgment entered in favor of Oaklawn. The papers in this case are remanded to the Superior Court for further proceedings consistent with this opinion.

Chief Justice WILLIAMS did not participate.

---

**2.** For an interesting discussion on "holding out," *see Gosselin v. Webb,* 242 F.3d 412 (1st Cir.2001).