**Supreme Court**
No. 2024-100-Appeal.
(WC 21-572)

Modupe Osifodunrin        :

v.        :

Marc Desjardins et al.        :

**O R D E R**

The plaintiff, Modupe Osifodunrin (plaintiff or Ms. Osifodunrin), appeals *pro se* from a final judgment of the Superior Court granting summary judgment in favor of the defendants, Marc Desjardins and Residential Credit Solutions, Inc. (Mr. Desjardins and RCS, together, defendants). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this case without further briefing or argument. For the reasons set forth in this order, we affirm the judgment of the Superior Court.

Ms. Osifodunrin filed an action in Superior Court on December 21, 2021, contesting the October 2011 foreclosure sale of her property located at 351 Tomaquag Road in Hopkinton, Rhode Island (the property). She amended her

- 1 -

complaint in June 2023; that amended complaint is the operative pleading in the instant appeal. Ms. Osifodunrin sought a declaratory judgment to nullify the foreclosure sale and all subsequent transactions, including the one resulting in Mr. Desjardins's ownership of the property. Mr. Desjardins and RCS each moved for summary judgment.

The undisputed material facts reveal that plaintiff's 2003 mortgage on the property was first executed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. Following two modifications to the loan documents that are not pertinent to this appeal, Ms. Osifodunrin's mortgage was assigned first to BAC Home Loans Servicing, L.P., and later to RCS. Each assignment was recorded in the Hopkinton Land Evidence Records. In October 2011, following Ms. Osifodunrin's default on the mortgage, RCS foreclosed on the property under the mortgage's power of sale and obtained a foreclosure deed. At the foreclosure sale, FV REO I, LLC (FV REO) purchased the property; the foreclosure deed reflecting this sale was recorded in the Hopkinton Land Evidence Records. In October 2014, FV REO granted ownership of the property to DLJ Mortgage Capital, Inc. (DLJ) by quitclaim deed; this deed was also recorded in the Hopkinton Land Evidence Records.

DLJ subsequently filed a complaint for possession in the District Court in 2016 and Ms. Osifodunrin, through counsel, filed an answer. After a one-day bench

trial, at which, according to RCS, plaintiff did not appear, the trial judge issued a judgment of possession in favor of DLJ. The trial judge found "that [RCS] properly took possession by foreclosure deed" and that "[w]e have two notices to terminate, and service was proper." After entry of judgment in favor of DLJ, Ms. Osifodunrin filed a notice of appeal, which was later withdrawn, and a motion to vacate DLJ's execution, which was likewise withdrawn. DLJ later granted ownership of the property to Mr. Desjardins by special warranty deed; this deed is recorded in the Hopkinton Land Evidence Records.

In seeking summary judgment in Ms. Osifodunrin's instant declaratory-judgment action, RCS and Mr. Desjardins argued (1) that the doctrine of collateral estoppel barred plaintiff's claims; (2) that plaintiff waived her right to raise arguments that she could have raised in District Court; (3) that the ten-year statute of limitations under G.L. 1956 § 9-1-13(a) barred plaintiff's challenge to the October 2011 foreclosure sale; and (4) that defendants' evidence constituted prima facie evidence of compliance with all notice statutes. Ms. Osifodunrin responded by filing an affidavit asserting that genuine issues of material facts precluded summary judgment. The trial justice granted defendants' motions for summary judgment at a hearing in February 2024. An order and a judgment to that effect entered separately on February 19, 2024.

Ms. Osifodunrin timely appealed.  She seeks reversal of the decision of the trial justice, arguing that her claims were not barred by either collateral estoppel or the statute of limitations, and that RCS committed fraud in the course of the litigation.

This Court reviews the decision of the trial justice *de novo*. *Montaquila v. Flagstar Bank, FSB*, 329 A.3d 490, 493 (R.I. 2025).  We are satisfied that the doctrine of collateral estoppel applies to bar Ms. Osifodunrin's action seeking declaratory relief and we affirm the trial justice accordingly.

Ms. Osifodunrin argues that collateral estoppel cannot apply to bar her claims because, she contends, the District Court lacked subject-matter jurisdiction over DLJ's 2016 eviction action.  Ms. Osifodunrin is correct that, for "*res judicata* principles to be applied to any judgment or decision, it is black letter cardinal law that the court or tribunal entering the judgment or decision must first have subject matter jurisdiction over the case before it." *RICO Corporation v. Town of Exeter*, 787 A.2d 1136, 1144 (R.I. 2001).  Subject-matter jurisdiction is the authority of the court over the nature of the case, and over the type of relief sought. *Mill Road Realty Associates, LLC v. Town of Foster*, 326 A.3d 1085, 1088 (R.I. 2024).  Here, the District Court had jurisdiction over DLJ's complaint for possession pursuant to G.L. 1956 § 8-8-3(a)(2), which grants the District Court "exclusive original jurisdiction" over "all * * * actions for possession of premises and estates * * *."  Moreover, this

Court has held that "a mortgagor in possession following a foreclosure sale is a tenant at sufferance" and, therefore, "an action to evict such a tenant is clearly within the exclusive original jurisdiction of the District Court." *Hebden v. Antonian*, 518 A.2d 1362, 1362 (R.I. 1986). Thus, the District Court possessed jurisdiction to hear DLJ's complaint for possession.

Having properly heard and decided the merits of DLJ's eviction action, the District Court's judgment carries the force of law and is entitled to preclusive effect; thus, Ms. Osifodunrin is collaterally estopped from raising the claims in her declaratory-judgment action. "Under the doctrine of collateral estoppel, an issue of ultimate fact that has been actually litigated and determined cannot be re-litigated between the same parties or their privies in future proceedings." *Foster-Glocester Regional School Committee v. Board of Review*, 854 A.2d 1008, 1014 (R.I. 2004) (quoting *George v. Fadiani*, 772 A.2d 1065, 1067 (R.I. 2001)). Collateral estoppel attaches when (1) there is an identity of issues between the two proceedings, (2) the previous proceeding resulted in a final judgment on the merits, and (3) the party against whom collateral estoppel is asserted is the same or in privity with a party from the previous proceeding. *Id.*; *Lee v. Rhode Island Council 94, A.F.S.C.M.E., AFL-CIO, Local 1986*, 796 A.2d 1080, 1084 (R.I. 2002).

There is an identity of issues between the District Court proceeding and this case. Here, Ms. Osifodunrin is seeking a declaration that RCS's foreclosure was

- 5 -

invalid, and in District Court the judge found "that [RCS] properly took possession by foreclosure deed." Additionally, the District Court entered a valid final judgment on the merits in favor of DLJ. Moreover, Ms. Osifodunrin is the same party named in the District Court proceeding. Thus, her claims are barred because she cannot relitigate the legality of RCS's foreclosure after the District Court determined that RCS properly took possession.

The doctrine of collateral estoppel applies to bar Ms. Osifodunrin's action seeking declaratory judgment and is therefore dispositive of her appeal. Accordingly, we affirm the judgment of the Superior Court and return the record to the Superior Court.

Entered as an Order of this Court this 24th day of April, 2025.

By Order,

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
/s/ Meredith A. Benoit, Clerk

Clerk



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | Modupe Osifodunrin v. Marc Desjardins et al. | |
| **Case Number** | No. 2024-100-Appeal.<br>(WC 21-572) | |
| **Date Order Filed** | April 24, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Washington County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Sara Taft-Carter | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Modupe Osifodunrin, *Pro Se* | |
| | For Defendants:<br><br>Joseph K. Scully, Esq.<br>Paige V. Schroeder, Esq. | |