May 15, 2026

**Supreme Court**

No. 2024-396-Appeal.
(KC 21-1031)

American Express National Bank      :

v.      :

Anna Perretta.      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

American Express National Bank        :

v.                                    :

Anna Perretta.                        :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**   The defendant, Anna Perretta, appeals

from the July 23, 2024 final judgment of the Superior Court in favor of the plaintiff

bank, American Express National Bank (American Express).   On appeal, the

defendant contends that the hearing justice erred by disregarding Rule 6 of the

Superior Court Rules of Civil Procedure when he granted the plaintiff bank's motion

for summary judgment in reliance upon an affidavit that the defendant avers was

"not in the record and not provided to the [defendant] with the motion."[1]   The

defendant further argues that the hearing justice's grant of summary judgment based

on that affidavit "denied [her] due process of law * * *."

---

[1]     We note with displeasure that, in contravention of Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, the plaintiff bank failed to file a counter-statement with this Court, nor did it appear for oral argument before this Court.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the submissions of the parties and after carefully reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.

For the reasons set forth in this opinion, we vacate the grant of summary judgment and the entry of final judgment for the plaintiff bank, and we remand the case to the Superior Court for such further proceedings as may be required.

**I**

**Facts and Travel**

This action involves allegations of breach of contract, coupled with alternative claims of "Account Stated" and "Book Account," all relating to a credit card account that defendant allegedly opened with American Express.

On December 1, 2021, the plaintiff bank filed a non-verified complaint against defendant setting forth claims for breach of contract (Count One); account stated (Count Two); and book account (Count Three). The complaint alleged that, on April 25, 2019, defendant had opened a credit card account with American Express and had "used the credit card account to purchase goods and/or services and/or obtain cash advances against the credit line provided." The complaint further alleged that defendant had "agreed to pay at least the minimum payment amount as shown on

each periodic account statement delivered to the Defendant by the payment due date appearing thereon." The complaint also alleged that defendant had "failed to make the required account payments when due thereby defaulting on the account." The complaint further asserted that "[a]ccording to the books and records of the Plaintiff maintained in the ordinary course of Plaintiff's business the balance now due and owing on the Defendant's account * * * is $123,561.19." Accordingly, the plaintiff bank sought the unpaid balance due on the credit card account. On February 7, 2022, defendant filed an answer denying the material allegations in the complaint.

On August 23, 2023, the plaintiff bank filed a very abbreviated motion for summary judgment, in which it stated that "it believes there are no material disputed facts to be decided and Plaintiff is entitled to judgment as a matter of law."[2] There were no affidavits or exhibits filed with the motion.

On December 8, 2023, defendant filed an affidavit in opposition to the plaintiff bank's motion for summary judgment, and she attached to the affidavit a copy of her answer to the underlying complaint. In her affidavit, defendant stated:

> "Plaintiff has filed a Motion for Summary Judgment without an affidavit.
>
> "Pursuant to RCP 56, Plaintiff has not met its burden of proof and established any facts to dispute by way of affidavit.

---

[2] Such a bare bones motion for summary judgment is decidedly unhelpful— especially in a case such as this where the opposing party had denied the material allegations in the complaint.

- 3 -

"As a [*sic*] the answer to the complaint, without any affidavit, creates genuine issues of material fact precluding Summary Judgment."

On Monday, December 11, 2023, a hearing was held with respect to the plaintiff bank's motion for summary judgment. At that hearing, counsel for defendant stated that "there was no affidavit filed with the motion for summary [judgment]." In response, the hearing justice stated: "It was filed today. Did you get it?" Counsel for defendant asserted:

"I don't believe it's been electronically filed under Rule 6. Affidavits have to be filed with the motion, not with the reply. Rule 6 is pretty specific about that. You just can't bring in an affidavit with you at the hearing and suggest that it can be -- the Defendant has the right to file an affidavit up to one day prior to the hearing, which we did last week. And there's no affidavit in the motion for summary [judgment]."

Counsel for the plaintiff bank stated: "We had no idea this was even a contested motion until [the previous] Friday." He further stated:

"I would also argue that the answer is not -- it does say this is denied and this is the wrong party. But there's no substance to it to, you know, elaborate on why this is denied or who the right party even is."

Shortly thereafter, the hearing justice granted the plaintiff bank's motion for summary judgment. (Because of the significant and troubling procedural error that we discuss *infra*, it is not necessary for us to summarize the hearing justice's rationale in granting the motion.)

On July 23, 2024, an order reflecting the hearing justice's decision was entered. Final judgment was entered on the same day. On July 25, 2024, defendant filed a notice of appeal.

## II

## Issues on Appeal

Before this Court, defendant contends that the hearing justice erred in granting the plaintiff bank's motion for summary judgment "based on an affidavit emailed to the court clerk on the date of the hearing." The defendant argues that the plaintiff bank failed to abide by Rule 6(c) of the Superior Court Rules of Civil Procedure, which clearly states: "When a motion is supported by affidavit, the affidavit shall be served with the motion * * *." The defendant also contends that she was "denied due process of law by the motion justice deciding the case based on an affidavit not in the record and not provided to the [defendant] with the motion."

## III

## Standard of Review

It is well established that "[t]his Court reviews the granting of summary judgment *de novo* and applies the same standards as the motion justice." *Boggs v. Johnston Asphalt, LLC*, 334 A.3d 965, 969 (R.I. 2025) (quoting *McAdam v. Grzelczyk*, 911 A.2d 255, 259 (R.I. 2006)). We have repeatedly stated that "[w]e will affirm a lower court's decision only if, after reviewing the admissible evidence

in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Generation Realty, LLC v. Catanzaro*, 21 A.3d 253, 258 (R.I. 2011) (internal quotation marks omitted).

The party moving for summary judgment "bears the initial burden of demonstrating the absence of questions of material fact." *Mills v. State Sales, Inc.*, 824 A.2d 461, 467 (R.I. 2003). This Court has emphasized that "summary judgment is to be employed cautiously because it is such an extreme remedy; summary judgment should occasion the termination of a case only where it is absolutely clear that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Estate of Giuliano v. Giuliano*, 949 A.2d 386, 394 (R.I. 2008) (internal quotation marks omitted).

## IV

## Analysis

The defendant contends that the hearing justice erred in granting the plaintiff bank's motion for summary judgment "based on an affidavit emailed to the court clerk on the date of the hearing." She points out that, in doing so, the plaintiff bank violated Rule 6(c) of the Superior Court Rules of Civil Procedure, which requires that an affidavit in support of a motion for summary judgment "shall be served with the motion * * *."

In the instant case, the plaintiff bank filed its motion for summary judgment without a supporting affidavit, as was its right. *See* Super. R. Civ. P. 56(a).  However, the plaintiff bank thereafter decided to belatedly submit an affidavit by e-mailing same to the hearing justice's clerk *on the very morning of the December 11 hearing*.[3] It was therefore neither properly nor timely filed. *See Sullivan v. Town of Coventry*, 707 A.2d 257, 258 n.1 (R.I. 1998).

The plaintiff bank's very troubling failure to timely file and serve its affidavit in accordance with the clear mandate of the Rules of Civil Procedure necessarily had an obvious negative effect on defendant's ability to respond meaningfully to the motion for summary judgment. *See Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985) ("[T]he nonmoving party * * * should have had an opportunity to examine and reply to the moving party's papers before the court considered them in its decision process.").  Accordingly, we conclude that the plaintiff bank's affidavit should not have been relied on by the hearing justice in ruling on the motion for summary judgment.

---

[3]     It should be borne in mind that, when it moved for summary judgment on August 23, the plaintiff bank filed no accompanying affidavit, as was its right. However, on the morning of December 11 (the scheduled date for the hearing on the motion), it chose to send to the hearing justice's clerk a twenty-four-page affidavit by e-mail.  There is no indication that said affidavit was ever filed with the Clerk of the Superior Court, and it is not part of the record before this Court.

In our view, this sort of fast-and-loose conduct by counsel for the plaintiff bank is unprofessional and unacceptable.

In short, the plaintiff bank's clear violation of our Rules of Civil Procedure should, at the very least, have resulted in the postponement of the summary judgment hearing that had been scheduled for December 11, 2023. In our view, the hearing justice erred in allowing the hearing to proceed on that date and in ruling on the motion.[4] Accordingly, we vacate the grant of the motion for summary judgment and the entry of final judgment for the plaintiff bank.[5]

## V

## Conclusion

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court. We remand the case to that tribunal for such further proceedings as may be required and that are consistent with this opinion.

Justice Goldberg participated in the decision, but she retired prior to its publication.

---

[4] The transcript of the December 11 hearing clearly reflects that, in granting the motion for summary judgment, the hearing justice relied on the affidavit that had been e-mailed to the hearing justice's clerk on that day. He expressly stated: "Yeah, I am relying on it."

[5] It will be recalled that, before this Court, the defendant has also contended that she was "denied due process of law by the motion justice deciding the case based on an affidavit not in the record and not provided to the [defendant] with the motion." However, this issue was not raised below. Consequently, it cannot be considered for the first time on appeal. *See, e.g.*, *State v. Figuereo*, 31 A.3d 1283, 1289 (R.I. 2011) ("This Court staunchly adheres to the 'raise or waive' rule * * *.").

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | American Express National Bank v. Anna Perretta. |
| **Case Number** | No. 2024-396-Appeal.<br>(KC 21-1031) |
| **Date Opinion Filed** | May 15, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Matthew Casey, Esq.<br>For Defendant:<br><br>John B. Ennis, Esq. |